## CROOKSHANK *against* BURRELL.

The statute of frauds (10 *Sess.* ch. 44. s. 15.) applies to *executory* as well as other contracts; but it must distinctly appear, that the value of the goods sold was above 25 dollars.

A contract to deliver, at a future day, a thing not then existing, and yet to be made, is not within the statute, for it is a contract for *work* and *labour* only, not for the sale and purchase of goods.

As where the plaintiff contracted to make a wag-gon for the defendant by a certain day, and that he should come and pay for it, in lambs, at a certain price per head ; this was held to be a contract for work and labour, and so not within the statute.

IN ERROR, on *certiorari* to a Justice's Court. *B.* declared against *C.* before the justice, on a contract between him and the defendant, whereby it was agreed that *B.* should make the wood work of a waggon, which the defendant was to pay for in lambs, at one dollar a head. The plaintiff claimed 25 dollars. The agreement was proved; and that the plaintiff had made the waggon within the period limited. It was also proved, that the defendant was to come for the waggon, and pay for it in lambs at one dollar a piece. The judgment was for 24 dollars and 94 cents, the plaintiff having remitted six cents ; and, the objections were, 1st. that the contract was within the statute of frauds ; 2nd. that the plaintiff ought to have tendered the waggon.

SPENCER, Ch. J. delivered the opinion of the Court. It no where appears that the value of the waggon or the price of it, was ten pounds or upwards. The plaintiff

claimed to recover 25 dollars; but this does not denote the price of the waggon, and it is mere matter of form. But, admitting that the price agreed on was 25 dollars, still it would not be a case within the statute. In *Bennet* v. *Hull*, (10 *Johns. Rep.* 364.) we decided, that the statute applied to *executory*, as well as other contracts, and we recognised the cases of *Rondeau* v. *Wyatt*, (2 *H. Bl.* 63.) and *Cooper* v. *Elston*, (7 *Term Rep.* 14.) as containing a just and sound construction of the statute. In giving the opinions in those cases, the judges referred to the case of *Towers* v. *Osborn*, (*Str.* 506.) with approbation. In that case, the defendant bespoke a chariot, and after it was made for him, refused to take it; and *Pratt*, Ch. J. ruled, that it was not a case within the statute. In *Clayton* v. *Andrews*, (4 *Burr.* 2101.) it was decided, that an agreement to deliver wheat, understood to be unthreshed, was not within the statute. The distinction taken by Lord *Loughborough* in *Rondeau* v. *Wyatt*, and by the judges, who gave opinions *seriatim*, in *Cooper* v. *Elston*, was between a contract for a thing existing *in solido*, and an agreement for a thing not yet made, to be delivered at a future day. The contract in the latter case, they considered not to be a contract for the sale and purchase of goods; but, a contract for work and labour merely. However refined this distinction may be, it is well settled, and it is now too late to question it.

It appears that the defendant was to come after the waggon, and that it was completed at the time agreed upon. It is necessarily to be inferred, that when he came for the waggon, he was to pay for it, in the mode agreed upon, and, of course, he was to drive his lambs to the plaintiff. We are of opinion that the judgment must be affirmed.

Judgment affirmed.