Eichelberger
vs
M'Cauley

JUDGMENT AFFIRMED.

COURT OF APPEALS, JUNE TERM, 1821.

EICHELBERGER vs. M'CAULEY.

APPEAL from *Washington* county court. *Assumpsit* to
recover damages for the violation of a contract of the de-
fendant, to deliver a quantity of wheat to the plaintiff at a
particular day. The facts are fully stated in the court's
opinion. The opinion of the court below, *(Buchanan,* Ch. J,
and *T. Buchanan, A. J.)* was against the plaintiff, and the
verdict and judgment being also against him, he prosecuted
the present appeal. The case of *Bryan vs. M'Eldery,* in-
volving the same question as the present case, was also
pending in this court at the present term, on an appeal
from *Prince George's* county court. In this last case the
court below, *(Johnson,* Ch. J.) gave an opinion in favour of
the plaintiff there, (the appellee here,) and the verdict and
judgment being for him, the defendant appealed.

The present case was argued in this court at June term
last, before EARLE, JOHNSON, and DORSEY, J.

*Executory contracts are generally void under the statute of Frauds and Perjuries, where the requisites of that statute are not complied with. A contract to deliver wheat at a future period, which wheat at the time of the contract is unthreshed, is not within this statute.*

*The doctrine that contracts for the sale of goods, for the delivery of which work and labour is necessary, are not within this statute is not to be extended to cases where the work and labour are to be done may be, of themselves, considered parts of such contracts. not*

*R. Johnson,* and *Schley,* for the appellant, referred to the
Statute of Frauds, 29 *Car.* II, *ch.* 3, *s.* 17. *Towers vs. Os-
borne,* 1 *Stra.* 506. *Clayton vs. Andrews,* 4 *Burr.* 2101.
*Rondeau vs. Wyatt,* 2 *H. Blk.* 63. *Alexander vs. Combes,*
1 *H. Blk.* 20. *Cooper vs. Elston,* 7 *T. R.* 14. 1 *Com. on
Cont.* 93. *Rob. on Frauds,* 111, 172, 173. *Egerton vs. Mat-
thews,* 6 *East,* 308, *(note,)* and *Groves vs. Buck,* 3 *Maule
& Selw.* 179.

*Taney,* and *Magruder,* for the appellee, cited *Davis &
Buckey vs. Harding,* in this court at June term 1816, and
*Newman vs. Morris,* 4 *Harr. & M'Hen.* 421.

*Curia. Adv. Vult.*

At this term the opinion of the court was delivered by

June 1821.

Eichelberger
vs
M'Cauley

EARLE, J. The facts of this case appear as follows: On the 14th of November 1816, *M'Cauley* entered into a verbal contract with *Eichelberger*, to deliver to him 800 bushels of wheat, which was then *unthreshed and in the straw*, and so understood between the parties, by or before the Christmas following, if the weather would admit of the said wheat being got out by that time, for which *Eichelberger* was to pay at the rate and price of one dollar and sixty-five cents per bushel on the delivery, and give *M'Cauley* the offal thereof. The weather did admit of the wheat being threshed out by or before Christmas, but *M'Cauley* neglected to deliver the same or any part thereof. Such being the facts in the case, and it being admitted that *Eichelberger* accepted no part of the grain so sold, nor actually received the same, nor gave any thing in earnest to bind the bargain, or in part payment, and that no note or memorandum in writing was signed by the parties, or their agents thereto lawfully authorised, the court below was called upon to decide, whether this was a case within the operation of the statute of frauds and perjuries, and having expressed an opinion to that effect, it has become the duty of this court to revise the opinion, and correct it if erroneous.

Since the adjudication of *Rondeau and Wyatt* by Lord *Loughborough* in the year 1792, it has been considered established law that verbal executory contracts for the sale of goods, wares and merchandises, where no part of the goods sold has been accepted or received by the buyer, nor any thing has been given by him in earnest to bind the bargain, or in part payment, and where no note or memorandum of the bargain has been signed by the parties, or their agents thereto lawfully authorised, are within the operation of the statute, and are void. The contract here being of this character, to be performed at a future time, and in its nature executory, is avoided by the statute, unless there are circumstances in it to distinguish it from ordinary executory contracts. It is alleged there are such circumstances, and that the wheat being unthreshed and in the straw at the time of the bargain, and work and labour being necessary to prepare it for delivery, it is not a sale of goods, wares and merchandise, within the meaning of the *seventeenth* section of this statute.

Whatever opinion may be entertained of the true meaning of the *seventeenth* section of the statute, the court think

the distinction between mere contracts of sale of goods, and those contracts for the sale of goods where work and labour is to be bestowed on them previous to delivery, and subjects are blended together, some of which are not in the contemplation of the statute, has too long prevailed to be at this day questioned. It is enforced by Lord *Loughborough* in the before mentioned case of *Rondeau and Wyatt,* and has since been acted on by several most respectable judges. The case of *Clayton against Andrews,* decided by Lord *Mansfield* in 1767, a case in all its circumstances exactly parallel with the present, has been used as an authority upon this distinction. It is said to be a case without the statute, because work is to be done in threshing out the wheat, which makes a part of the contract, and is different from a *mere* contract of sale, to which kind of contract alone the statute is applicable. It is not known whether this distinction has been expressly recognized by any of the adjudications of the courts of justice in this state, but the case of *Rondeau vs. Wyatt,* which insists on the doctrine, has been acknowledged as authority in the late General Court, in the case quoted on the argument of *Newman vs. Morris,* 4 *Harris and M'Henry,* 421. It was a contract for the delivery of cheese at a future time, and on the authority of *Rondeau and Wyatt,* it was determined to be an executory contract, and void under the statute. The distinction thus recognised, the court do not intend shall be pushed farther than the circumstances of the case of *Clayton and Andrews* will justify, and they must not therefore be understood to extend it to cases where the articles sold are not to be prepared for delivery by work and labour, and where the work and labour may not be considered in some measure a part of the contract. Thus understood, the court reverse the decision of the court below, and order a *procedendo.*

CHASE, Ch. J. and MARTIN, J. were absent at the argument, but they concurred in the opinion of the court.

JUDGMENT REVERSED. *(a).*

In the case of *Brian vs. M'Eldery*

JUDGMENT AFFIRMED.

*(a)* See *Garbutt vs. Watson,* 5 *Barn. & Ald.* 613.