Curia, per Johnson, Chancellor,
It seems at one *91 time to have been doubted whether stocks fall within the description, “ goods, wares and merchandizes” used in the 17th section of the statute of frauds. In Pickering vs. Appleby, Com. Rep. 354, cited at length in Com. on Contracts 89, the Court of' Common Pleas were equally divided on the question, whether stocks of the Governor and Company of the copper mines in England, were or were not within the statute, and in Colt vs. Netterville, 2 P. W. 308, the Lord Ch. King reserved the question, whether York buildings stock was or was not within the statute, declaring that all the Judges of England were divided upon it, in Pickering vs. Appleby; the point was too difficult for him to determine ; and decided the cause upon another ground. But in Mupell vs. Cook, the Ld. Chancellor expressed the opinion that South Sea stock was within the statute.
It is not probable that at the time the statute was passed, stocks were so generally the subject of traffic in England as at this day, and were probably almost unknown here, when in 1712, it was incorporated in our statute book; and it may be that neither the Parliament of Great Britain nor our Legislature, had them in contemplation at the time ; nor are the terms used the most apt that might be selected to describe them ; but it is notwithstanding true, that there is nothing in this country or in England, not even a bale of goods, more commonly the subjeet of traffic, barter and exchange, and the fluctuation in the price is frequently greater than in goods, and the dealers in them are exposed to all the temptations to perjury against which the statute is intended to provide. But it is not necessary to settle the question here.
Conceding that stocks are merchandize, the question is whether the defendant is bound.
In addition to what has been said in the circuit Court decree, it will only be necessary to add, that it is now the settled rule,*that when the goods contracted for exist in solido, and are capable of delivery at the time, it is within the statute; but where they are to be made, or something is to be done to put them in a condition to be delivered, according to the terms of the contract, it is not within the statute. The cases of Towers vs. Osborn, Clayton vs. An *92 drews, and Groves vs. Buck, referred to in the circuit decree, furnish examples of the rule. The work and labour to be done, or the expense to be incurred, enters into consideration, and in that consists the distinction; without the work, labor, or expense, however trifling, there is no contract.
It is equally well settled, that when the agreement is to be performed on a contingency which may or may not happen within the year, a note in writing is not necessary, unless it appears from the agreement that it was to be performed after the year. Peter vs. Compton, Sken. 353. Fenton vs. Emblers, 3 Bur. 1278. Moore vs. Fox, 10 John, 254. Cruikshanks vs. Burrell, 18 John. 58.
The contract set out in this bill, is that on the 4th Feb. 1837, the complainant undertook that he would transfer to defendant his right of subscription, to one hundred shares of the new stock, as soon as books should be opened for subscriptions for the same, and the defendant undertook to pay him $33 for each share, and it is averred that on the opening of the books in January, 1839, the complainant subscribed for the one hundred shares, and tendered an assignment of them to the defendant, which he refused to accept or pay for.
Now the act incorporating the bank, left it entirely discretionary with the bank to increase its capital or not, and the time in which it might be done is only limited by the duration of the charter, nor is there any thing in it to control the bank in opening its books for subscriptions to the community at large, or limiting it to the stockholders. The new stock was not in existence at the time of the contract; it depended on the contingencies : 1st. that the bank would increase its capital. 2nd. on the time when it might open books for subscribtion, and 3d. whether it would or would not limit the subscriptions to the stockholders ; and until all this had been done, there was nothing which complainant could transfer or assign to the defendant. The books for subscriptions were opened to the stockholders alone, and to enable the complainant to perform his part of the agreement, he was obliged to subscribe for the stock, and for which, of course, he was bound to pay. Here then, the thing contracted about, was not at the time in rerum natura; the time of performance not *93 limited by the contract beyond the year, and might have happened in a month; an act to be done by the vendor; the subscription for the stock, and his liability to pay for it, which but for the contract might not have been done.
Appeal dismissed.
DAVID JOHNSON.