Br the Coübt.
Dueb, J.
We certainly think that this case is within the mischief that the statute of frauds was designed to prevent, and that the contract between the parties was substantially a contract for the sale of goods and merchandise, and not for work and labor ; but we cannot shut our eyes to the fact, that the case of Sewell v. Fitch (8 Cowen 215), as the counsel for the defendant found himself under the necessity of admitting, is not distinguishable from the present; and that no conflicting decisions are to be found in our own Reports. The contract, which the Supreme Court, in that case, held to be not within the statute, bore an entire analogy to that between the parties now before us, with the single exception, that it related to nails instead of shooks. It is true, that it would not be easy to reconcile Sewell v. Fitch with the cases in England and in Massachusetts, to which we were referred ; but for more than twenty years, it has been considered as evidence of the law in this state, and as such, has doubtless been followed in numerous instances by inferior tribunals. Under these circumstances, we think that it belongs only to the Court of ultimate jurisdiction to set aside the authority of the decision, and correct the error which it probably involves. - If all contracts between merchants and manufacturers for the purchase of goods, to be thereafter manufactured, are to be excepted from the statute of frauds, there seems to be little reason for retaining at all those provisions of the statute which relate to *6 the sale of goods to be delivered on a future day, since it is hardly possible to imagine an exception more arbitrary in its 'nature, and more contrary to the policy upon which the statute 'is admitted to be founded. Such an exception, embracing as it does a very large class of cases, frequently of great amount in value, is, in its principle, equivalent to a repeal; and either the law itself should be abolished, as imposing a needless restraint upon the transactions of business, or, if the sound policy of the law must be admitted, an exception, repugnant to its spirit and destructive of its utility, should no longer be permitted to exist. A new statute, similar to 9 Geo. IV., c. 14, (a) seems to be required, and should the attention of the Legislature be directed to the subject, would probably be passed ; hut we are not legislators, and as judges, must administer the law as we find it established.
Looking only to the effect of our decision upon the immediate parties in this suit, we do not at all regret the necessity of making it. From the most unworthy motives, the defendants deliberately broke a contract which they were in a condition to fulfil; they brought to this city the goods which they had manufactured under their contract with the plaintiffs, and yielding to the temptation of a higher price, sold them to another house : morally they had no right to the gains which they thus acquired, and the judgment which compels them to pay them over to the plaintiffs and punishes them with costs, is eminently just. The allegation that the contract was rescinded by the parties, the judge upon the trial rightly decided to he groundless.
The motion to set aside the judgment is denied with costs.

 The provisions in 9 Geo. IV., c. 14, are, that when the materials are to be furnished by the manufacturer and amount in value to £10sterling, the contract must be in writing, and be signed by the party to be charged.