## DONOVAN *vs.* WILLSON.

A contract for the delivery, at a future day, of an article to be thereafer man-ufactured, is not a contract for the sale of goods, within the statute of frauds, but for work and labor only. It need not, therefore, be in writing, signed by the party sought to be charged.

MOTION for a new trial, upon exceptions which were order-ed to be heard at the general term in the first instance. The complaint alleged that on the 26th of September, 1854, John McElrone and Matthew Gorman entered into a contract with the defendant, by which the defendant agreed to manu-facture, furnish and deliver to said McElrone & Gorman 60 barrels of beer, each and every week, from said 26th day of September, 1854, until the 1st day of April, 1855, and 90 barrels of beer each and every week thereafter, until the expi-ration of one year from the time said contract was entered into. It was further agreed by the defendant that he would furnish and deliver to McElrone & Gorman said beer at a price one dollar less per barrel than the wholesale market price in the city of Rochester, so that the said McElrone & Gorman could realize $1 upon each barrel more than the price to be paid by them to the defendant. In consideration whereof the said Mc-Elrone & Gorman agreed to receive and take the said quan-tity of beer from the defendant, and to pay him therefor the price aforesaid. The plaintiff further alleged that the parties entered upon the performance of said contract, and the defend-ant in pursuance thereof furnished and delivered to said Mc-Elrone & Gorman, between the 26th day of September and the 8th day of November, 1854, 247 barrels of beer, at $4 per barrel—the wholesale market price then being $5 per barrel—and the said McElrone & Gorman paid him on account thereof the sum of $880. The plaintiff further alleged, that on said 8th day of November, 1854, the defendant refused to deliver any more beer to McElrone & Gorman, in pursuance of said contract, and totally refused and neglected thencefor-ward to furnish any more beer, or in any way further to

Doaovan *v.* Willson.

perform the contract, and that he had never since in any way performed the same.    The plaintiff further alleged, that McElrone & Gorman duly performed all the conditions of said contract on their part, and were at all times ready to receive from the defendant the quantity of beer specified in the contract, and they repeatedly requested him to furnish the same, but he refused so to do.    The complaint then averred an assignment of the contract, and all claims under the same, to him, by McElrone & Gorman, for a valuable consideration, on the 24th of April, 1856.    The answer set up an agreement between the parties, similar to the one mentioned in the complaint, and admitted that after the defendant had delivered 250 barrels of beer in pursuance of it, he refused to deliver any more, on the ground that the price of barley had risen, and the price of beer in consequence ; that no security had been given by McElrone & Gorman, according to the terms of the agreement, &c.    On the trial a verbal contract, substantially the same as that set forth in the complaint, was proved. It was also proved that after the delivery of 244 barrels of beer, the defendant, on the 8th of November, 1854, refused to deliver any more.    The judge before whom the cause was tried inquired of the counsel for the plaintiff if he designed to prove that there was any written agreement between McElrone & Gorman and the defendant.    The counsel replied in the negative. The judge then stated that in his opinion there could be no recovery.    The counsel for the plaintiff claimed that he was entitled to recover, at all events, for the deficiency from week to week; but the judge decided adversely to such claim.    The counsel for the plaintiff then offered to show a performance by the assignors of the plaintiff of the contract, which was set out in the answer, but the court refused to allow proof on that subject ; to which decision the counsel for the plaintiff excepted. The counsel for the plaintiff stated that under the intimation of the court he would offer no more testimony, and rested the case.

Donovan *v.* Willson.

*J. C. Cochrane*, for the plaintiff.

*T. Hastings*, for the defendant.

*By the Court*, T. R. Strong, J.   The principle that a contract for the delivery at a future day of an article to be thereafter manufactured is not a contract for the sale of goods, within the statute of frauds, but for work and labor only, was adopted in this state in *Bennett* v. *Hull*, (10 *John.* 364,) and followed in *Crookshank* v. *Burrell*, (18 *id.* 58,) and also in *Sewall* v. *Fitch*, (8 *Cowen*, 215.)   The latter case closely resembles the present.   The action was upon a contract for the delivery of nails which were not on hand at the time of the contract, but were to be made thereafter.   It was held that the case was not within the statute of frauds ; that the contract was one for work and labor, and not for the sale of goods. Upon the authority of that case the same principle was applied by the court in *Robertson* v. *Vaughn*, (5 *Sand. S. C. R.* 1,) a case also much like the one at bar.   The soundness of the principle is questioned in the case last cited, and also in *Downs* v. *Ross*, (23 *Wend.* 270,) and *Courtright* v. *Stewart*, (19 *Barb.* 455 ;) but in each of the two latter cases it was properly held that the principle was inapplicable to the case.   The reported decisions on the subject, in this state, are all one way, and it is probable that the doctrine of those decisions has been uniformly applied in practice.   It may be the doctrine is erroneous ; but I will not, after the lapse of about half a century during which it has been allowed to stand, assume to be wise above what is written, and reject it as not law.   If it is to be repudiated by the courts, the court of appeals should take the lead ; but it more appropriately belongs to the legislature to prescribe a different rule, if the present one is not satisfactory, to govern future cases, without affecting past transactions.

A new trial must be granted, with costs to abide the event.

[Monroe General Term, December 7, 1857. *Johnson, T. R. Strong* and *Welles*, Justices.]