Tbe opinion of tbe Court was delivered by
WhitNer, J.
Tbe motion for non-suit granted on circuit, I apprehend, was a hard measure on tbe plaintiff in tbe case made. He seems in good faith, at much inconvenience, to bave proceeded in carrying out on bis part, tbe contract into which be bad entered. He bad tbe misfortune to encounter a falling market at tbe time of delivery, and on tbe trial of tbe case, tbe defendants present an objection more embarrassing to plaintiff’s recovery doubtless than tbat raised when tbe cattle were offered for acceptance.
In the contract set up, an essential element is wanting to render it binding on tbe parties. There was neither an accep *349 tance by tbe buyer of part of the goods sold, nor earnest given to bind the bargain, nor note or memorandum made and signed by the parties. The 17th section of Statute of Frauds provides, that “ no contract for the sale of goods, wares and merchandize for the full price of ten pounds, or upwards, shall be allowed to be good,” without one or the other of these ingredients.
It has been held in this State and elsewhere, that where goods are to be made, or something is to be done to put them in a condition to be delivered according to the terms of the contract, it is not within the Statute of Frauds. 1 McM. Eq. 91.
The appellant’s second ground of appeal urges this distinction by way of objection to the decision on circuit, but the evidence furnishes no such element in this contract. From its very terras it is manifest there was no change stipulated for, or contemplated in the condition of the thing contracted, and still more foreign was any idea that the cattle were not then in existence. The mere transportation of the article from one place to another, though afterwards effected for the purpose of delivery, does not obviate the objection taken to the contract under consideration. This point was considered in a recent case, Winship & Co. vs. Buzzard, 9 Rich. 103. A gin, the subject of contract in that case, was sent from Atlanta, Georgia, to Newberry C. EL, in this State for delivery, and yet that fact in no way helped the plaintiff. The doctrine was there recognized in accordance with previous adjudica-., tions, that “ sales of things which exist in solido at the time of sale, although the contract be executory, and the goods to be delivered at a different place, are within the Statute.” Though the ease above cited was sent back, it was because the evidence on the point whether in fact, work and labor were to be bestowed on the gin itself after the sale and before delivery, was inconclusive, yet the principles here maintained were fully recognized. I may add as a further history of the case *350 that upon a second, hearing, the plaintiffs having failed to supply the evidence, they again failed to establish their right to recover. It is insisted, these distinctions are refined and calculated to mislead; they are nevertheless too well settled to be now questioned, as was remarked by Spencer, O, J., 18 Johns. 58.
The first ground of appeal need not be considered from what has preceded, and because it has not been alleged that the contract was obnoxious to the 4th section of the Statute.
The motion to set aside the order for non-suit is refused.
Wardlaw, Withers, G-lover and Munro, JJ,, concurred. ‘

Motion dismissed.