EDWIN PARKER, president of the Meriden Machine Company, *vs.* SCHENCK & RUTHERFORD.

The statute of frauds does not apply to a contract to make and deliver an article not then in existence, out of materials to be furnished by the manufacturer, where the article is to be constructed in a special manner, and of specified materials, and the price depends upon the quantity of materials used.

THIS action was brought to recover the sum of $313.75, the price agreed to be paid by the defendants for a double acting pump, of Farnham's patent, to be made by the plaintiffs, for the defendants. The complaint alleged the making of the contract—which was not in writing—between the agent

Parker *v.* Schenck.

of the defendants and the plaintiffs; the manufacture of the pump agreeably to the terms of the contract, and the tender thereof to the defendants, and their refusal to accept or pay for the same. By their answer, the defendants denied the making of the contract sued on, and alleged that the only contract made by them, with the plaintiffs, was for a double action six inch chamber and sixteen inch stroke brass pump, the price of which was by the terms of the contract in no event to exceed the sum of $208; that for the only pump which the plaintiffs presented or offered to the defendants they charged the sum of $313.75, which sum the defendants had never agreed to pay to the plaintiffs, for any pump whatever. On the trial the plaintiffs proved the making of a verbal contract of the tenor and effect set forth in the complaint, and the manufacturing of the pump, according to the terms thereof; the weight of the pump; and the tender thereof to the defendants; and their refusal to accept. When the plaintiffs rested, the defendants' counsel moved for a dismissal of the complaint, on the ground that no sufficient contract had been established, within the provisions of the statute of frauds. The justice holding the circuit decided that no sufficient contract had been proved, within the statute, and ordered the complaint to be dismissed. The plaintiffs excepted, and moved for a new trial.

*A. M. Sniffen,* for the plaintiffs.

*B. D. Silliman,* for the defendants.

INGRAHAM, J. The facts proven in this case were, that the defendants wanted a pump; and on examining those in possession of the plaintiffs the defendants were not satisfied with them. They wanted one made of brass, with some alterations varying it from those of the plaintiffs. They inquired as to the cost, and were informed of a gross sum as the cost of a part of the pump, and that the brass would be charged for by the pound, over and above the cost if made of iron. An order

was finally given, to have the pump made. The defense is, the want of a written contract, under the statute of frauds:

The present contract is not within the class of cases to which that statute relates. It was not for the mere sale of a pump, but for the manufacture of a pump in a peculiar way, suited to the purposes of the defendants, and which might not have been required for another. It comes within that class of cases referred to by Judge Bronson in *Downs* v. *Ross.* (23 *Wend.* 273,) as cases out of the statute. "With a single exception they relate to contracts for the sale of a thing not then in existence, but which was to be constructed or manufactured by the vendor."

There can be no doubt in this case, that there was to be a special mode of constructing this pump for the defendants, and that work was to be done, of a particular character. Nor was the price fixed, for it. A portion was to be charged at a fixed rate; the balance depended on the quantity of brass used. It is the same as if a man bought cloth and ordered it made into a coat; when the price to be charged for the making was a fixed sum, and the amount to be charged for the cloth depended on the quantity used. Such an order has always been considered as not within the statute.

In all the cases cited by the defendants' counsel the contract was for specific articles, at a fixed price; and the contract did not contemplate any work to be done, in preparing the article, in compliance with directions previously given, but merely preparing for market, or sale, the article purchased.

In this case, as in the cases in 18 *John.* 58, and 8 *Cowen,* 215, the article agreed for was to be manufactured according to particular directions. Chitty lays down the rule applicable to such cases to be, that the statute does not apply to contracts for work, labor and materials; that is, a contract to make, complete and deliver *in futuro,* goods not in existence and consequently not capable of delivery or part acceptance, at the time of the bargain. (*Chit. on Cont.* 306.) To avoid this rule in England another statute was enacted, bringing that class,

also, within the statute. But no such alteration of the law has been made in this state, and until so altered, I suppose the rule to remain.

I think the justice erred, upon the trial, in dismissing the complaint for this cause.

A new trial ordered; costs to abide the event.

[NEW YORK SPECIAL TERM, July 3, 1858. *Ingraham*, Justice.]