By the Court,
Barbour, J.
This action was brought to recover the damages claimed by the plaintiff, because of the non-delivery of a quantity of paper, which the defendants had agreed to furnish to them.
Upon the trial, before the referee, it was proved that a verbal agreement was made between the defendants, who were paper manufacturers in Maryland, and the plaintiffs, whereby the defendants undertook to commence the manufacture of ten tons of paper, for the plaintiffs, after three or four weeks from that time should have expired, and to make the same of a certain description, and of such sizes and weights as the plaintiffs should direct by letter, and deliver it to them in New York. The question before us is, simply, whether the agreement in .question is, or is not, within the statute of frauds.
This is a much stronger case for the party sustaining the negative of the proposition than was Mead v. Case, (33 Barb. 202,) where a marble monument, nearly, but not quite, finished, was to be completed and delivered to the defendant by the plaintiff, or Robertson v. Vaughn, (5 Sandf. 1.) which was a contract to make and deliver one thousand molasses shocks and heads. For here, not only was the whole of the paper to be manufactured by the defendants, but such manu *218 facture was not even to be commenced until after three or four weeks subsequent to the time the contract was entered into, nor until the sizes should have been furnished by the plaintiffs; {and it was to be made, too, not of such sizes and weights as the defendants might choose to manufacture for a general market, but of such specific sizes and weights as the plaintiffs should designate and direct. J I not only see no reason for overruling the decisions in the cases referred to, but it seems to me quite clear, independent of those precedents, that, as the object of this contract was not merely to make a purchase and sale of paper, but to" provide for the manufacture of a certain description of the article for the plaintiffs, such agreement was not within the statute.
The j udgment should be affirmed, with costs.
Eobebtson, Oh. J.
Possibly the right to prove by oral evidence an agreement to make, and deliver articles of merchandise when the vendor is to furnish the materials, may be productive of the same kind of evil as those intended to be remedied by the statute of frauds. But that statute has long received a construction in this state which confines it to the sale of existing goods, or of those upon which the vendor is not required to bestow any labor. Whatever may be the language of conflicting cases in England, it has been deemed necessary even there to extend its provisions by statute, expressly to the manufacture of goods. (9 Geo. 4, chap. 14.)
The English authorites cited in Crookshank v. Burrell, (18 John. 58,) by Spencer, Ch. J. fully sustain the doctrine laid down in that case, that such a contract is not within the statute. That doctrine was thoroughly examined and deliberately sustained eight years afterwards in the samé court, in Sewall v. Fitch, (8 Cowen, 215.) The subsequent case of Downs v. Ross, (23 Wend. 270,) was a sale of existing articles, where nothing was to be done to them, except to put them in marketable condition. They were not to have their character changed, and the decision was put on that ground. This was followed by the case of Seymour v. Davis, (2 Sandf. 239,) in this *219 court. But when the doctrine laid down in Sewall v. Fitch, (ubi sup.) came before this court in Robertson v. Vaughn, (5 Sandf. 1,) whatever dissatisfaction was expressed with it, the court deliberately yielded to the authority of that case. Numerous cases since decided sustain the same doctrine. (Courtright v. Stewart, 19 Barb. 455. Donovan v. Wilson, 26 id. 138. Parker v. Schenck, 28 id. 38. Mead v. Case, 33 id. 202.)
Some cases in Massachusetts seem partly to sustain the defendant’s views, (Gardner v. Joy, 9 Metc. 177; Lamb v. Crafts, 12 id. 353;) but I do not find any English cases that go that length. It would be somewhat a novel if not startling doctrine to decide that a tradesman must have every contract put in writing with his customers to manufacture articles in which he deals, such as articles of dress or furniture, in order to bind the latter to pay for them. At all events, it is better to adhere to established doctrines until reversed by an appellate court, or altered by the legislature.
I concur in affirming the judgment.