MUCKEY, appellant, v. HOWENSTINE.

*Contract — articles to be manufactured at an agreed price — tender before action.*

By a contract between plaintiff and defendant, plaintiff was to manufacture before a specified time a dozen barrels for the price of $21, and defendant was to come and get them at plaintiff's shop. Plaintiff completed the barrels by the time agreed upon, and notified defendant that they were done. *Held,* that plaintiff might bring action for the purchase price agreed upon, and a delivery or tender of the barrels was not necessary.

APPEAL from a judgment of the Schenectady county court reversing the judgment of a justice of the peace in favor of plaintiff.

In April, 1869, a contract was made between plaintiff, Jeremiah Muckey, and defendant, Jacob V. Howenstine, as follows : Plaintiff was to manufacture for defendant one dozen barrels for the price of $21. They were to be done by October 1, 1869, *and defendant was then to come and get them at plaintiff's shop.* Plaintiff proceeded to manufacture the barrels, and completed them before July 1, 1869, and then notified defendant that they were done; defendant refused to take them, but plaintiff insisted upon his performance of the contract; plaintiff kept the barrels ready for defendant until October 1, 1869, and ever since, stored in the shop of one Mrs. Hedden, but defendant never came for them. The barrels were worth the contract price.

The defendant introduced testimony to show that when plaintiff notified him, July 1, 1869, he told plaintiff that he did not want the barrels, and plaintiff then said that "it made no difference, for he could sell to some one else." This, however, was denied by the plaintiff.

Upon this conflicting evidence the justice found for the plaintiff, and gave him judgment for $21 and interest. The county court reversed the judgment, and plaintiff appeals.

*E. W. Paige,* for appellant.

*Austin A. Yates,* for respondent.

MILLER, P. J. The plaintiff recovered in this action the value of certain articles manufactured by him under a contract with the defendant, which were ready for delivery, and the defendant refused to receive upon being notified thereof.

In *Parsons* v. *Loucks*, 48 N. Y. 17, it was held that an action would lie to recover damages for an alleged breach of a contract to manufacture a quantity of paper. It is true that in the case cited the breach alleged was for the non-delivery of the paper, but the same principle is applicable where a party refuses to receive the manufactured personal property as when the vendor refuses to deliver. The position taken by the defendant's counsel, that title does not pass where an article agreed to be sold is to be manufactured, has no application to an action brought for a breach of the contract. No question of title is involved but the right to recover damages.

The defendant's counsel claims that the action should have been for the breach of the contract, and not the purchase price. I think that this position cannot be maintained, and numerous cases hold that the entire value of the property may be recovered.

In *Crookshank* v. *Burrell*, 18 Johns. 58, where the plaintiff contracted to make a wagon, payable in lambs at a certain price per head, a recovery was sustained for the entire amount.

In *Bement* v. *Smith*, 15 Wend. 493, where a carriage built by a mechanic, in pursuance of a contract, was tendered, and on the refusal to accept or pay for it left in charge of a third person, of which the customer had notice, it was held that the mechanic, instead of selling it for what it would bring, and suing for the difference, might bring an action and recover for the price agreed upon. It is true that there was a tender in the case last cited, while here, as in *Crookshank* v. *Burrell*, the defendant was to come and get the property, thus rendering a tender unnecessary so long as the plaintiff kept the property for the defendant stored and ready to be delivered when called for. The court held, that the measure of damages is the value of the property, in the case last cited, and SAVAGE, J., says: "A mechanic makes an article to order, and the customer refuses to receive it, is it not right and just that the mechanic should be paid the price agreed upon, and the customer left to dispose of the article as he may?" The learned judge refers to cases to establish the doctrine that where there is a valid contract of sale, which cannot be doubted in the case at bar, that the vendor is entitled to the full price whether the vendee receives the goods or not, and puts the case of a tailor who makes a garment, or a shoemaker who makes a pair of shoes, to order and performs his contract, expressing the opinion that he is entitled to the full amount

agreed upon. In *Parker* v. *Schenck*, 28 Barb. 38, where the plaintiff claimed to recover the value of an article manufactured according to contract, which had been tendered, and the complaint was dismissed, a new trial was granted. See, also, *Orr* v. *Bigelow*, 20 Barb. 24; *Merriam* v. *Kellogg*, 58 id. 448; Sedgw. on Damages, 281, 282.

The case of *Comfort* v. *Kiersted*, 26 Barb. 472, which is relied upon by the defendant, does not, I think, affect the principle decided in the cases already cited. It involved a question between the manufacturer and the judgment debtor who had levied upon the property before it had been delivered or set apart, and while the doctrine there laid down is well settled, it has no application to the present case.

Nor is there any force in the objection taken, that the complaint should have been for a refusal to accept the goods. The complaint set forth the contract and the proof established a case within the cases cited, which authorized a recovery.

It may also be remarked, that if a delivery was essential to establish a cause of action ordinarily, that it was waived in this case, and unnecessary, because the contract provided that the defendant was to call for the barrels when completed. *Crooks* v. *Moore*, 1 Sandf. 297; *Bates* v. *Conkling*, 10 Wend. 389; *Powers* v. *Barber*, Mans. Opinion, Third Department.

There was, I think, sufficient evidence to uphold the verdict, and as no error is manifest in the court below, the judgment of the county court must be reversed, and that of the justice affirmed with costs.

*Judgment accordingly.*