## BATES *et al.* v. COSTER.

*Statute of frauds — Sale — oral contract.*

The owner of a male colt bargained with C., who offered to purchase it, and C. said, "If you will castrate him, when he is well I will give you $1,000 for him," to which the owner replied, "I will do it." No part of the price was paid. *Held*, that the contract was one of sale and not for work and labor, and not being in writing, was within the statute of frauds and void.

EXCEPTIONS ordered to be heard in the first instance, at general term. The action was brought by John J. Bates and David Baird against Daniel J. Coster.

The plaintiffs were the owners of a male colt, which the defendant

proposed to purchase. After some conversation between the parties in regard to the appearance, value, and price of the animal, the defendant said, according to one of the witnesses, "if you will have him altered and keep him until he gets well, I will give you $1,000," and that Baird, one of the plaintiffs, with whom the conversation was had, replied, that "he would take it, and have him altered to-morrow." According to another witness, the defendant said, "if you will castrate him, when he is well I will give you $1,000 for him," and that Baird replied, "I will do it." The plaintiffs caused the colt to be immediately castrated, and when well, offered him to the defendant, who refused to accept him. Thereupon this action was brought. On the trial the plaintiffs were nonsuited, on the ground that the contract, being oral, was within the statute of frauds and void.

An exception was interposed to this ruling, and the case was ordered to be heard in the first instance thereon at the general term.

*Samuel S. Edick*, for plaintiffs, cited *Meade* v. *Case*, 33 Barb. 202; *Courtright* v. *Stewart*, 19 id. 457 ; *Parker* v. *Schenck*, 28 id. 38; *Bennett* v. *Hull*, 10 Johns. 364; *Crookshank* v. *Burrell*, 18 id. 58; *Donovan* v. *Willson*, 26 Barb. 140; *Parsons* v. *Loucks*, 48 N. Y. 17; *Ferren* v. *O'Harra*, 62 Barb. 527 ; *Haight* v. *Ripley*, 19 Me. 137.

*John O. Robinson*, for defendant.

BOCKES, J. The contract was not in writing; no part of the purchase price was paid; nor was the property delivered. If, therefore, the contract was one *of sale*, it was within the statute of frauds and void. 2 R. S. 136, § 3. This position is not denied; but it is insisted on the part of the plaintiffs, that the contract was for work and labor. When the thing bargained for is not *in esse* at the time of the contract — could not then be delivered or accepted, but is to be afterward constructed or manufactured — the contract is held to be one for work and labor; as for a wagon, thereafter to be constructed, and the like. *Crookshank* v. *Burrell*, 18 Johns. 58 ; *Towers* v. *Osborne*, 1 Str. 506; *Mixer* v. *Howarth*, 21 Pick. 205 ; *Sewall* v. *Fitch*, 8 Cow. 215 ; *Spencer* v. *Cone*, 1 Metc. 283 ; *Parker* v. *Schenck*, 28 Barb. 38 ; *Stephens* v. *Santee*, 51 id. 532, 546 ; *Donovan* v. *Willson*, 26 id. 138 ; *Parsons* v. *Loucks*, 4 Robt. 216 ; S. C., 48

N. Y. 17; *Courtright* v. *Stewart*, 19 Barb. 455. This class of cases does not fall within the statute; and an action may be maintained for the contract price, counting on the agreement as a contract for work, labor and materials. Again, when the subject of the contract exists at the time *in solido*, but something is agreed to be done to it to put it in condition for use, or to make it marketable, the contract is held to be one of sale, and void within the statute. Yet the rule thus laid down has perhaps some exceptions.

The case of *Mead* v. *Case*, 33 Barb. 202, is a notable instance. The contract was for a marble monument then complete in its general form, but was to be polished, lettered, finished and set up, at and for the price of $200. This was held to be a contract for work, labor and materials, and binding. The court held that the agreement was one by which the party was employed to make or manufacture a monument not then in existence. In this view, undoubtedly, the case was well decided. But the decision was by a divided court, and is of doubtful authority *on the facts proved*. It seems in conflict with several more recent cases. In *Fitzsimmons* v. *Woodruff*, 1 N. Y. Sup. 3, the contract was for a marble mantel, then selected by the party, which was to be set up with certain alterations, in his house, situated in another town, at and for the price of $80. This was held to be a contract of sale, and void under the statute. In *Cooke* v. *Millard*, 5 Lans. 243, the contract was for lumber to be dressed and delivered — held to be a contract of sale and void. In *Smith* v. *N. Y. C. R. R. Co.*, 4 Keyes, 180, it was held, that a contract for the sale and delivery of a quantity of wood, at the time, in standing trees, was not a contract for work and labor so as to take the case out of the statute; and WOODRUFF, J., likened the case to *Downs* v. *Ross*, 23 Wend. 270, where the contract was for wheat thereafter to be threshed and delivered, and to *Garbutt* v. *Watson*, 5 Barn. & Ald. 613, where the contract was with a miller, for flour thereafter to be ground. It is said in many of the cases where this question has been considered, that the true test for determining whether the contract was one of sale or for work and labor, is to inquire whether the work to be performed in order to prepare the property for delivery, was to be done for the vendor or the vendee. If for the former, the contract is one of sale and void under the statute. According to the above cases it must be quite obvious, I think, that the contract here under consideration was one of sale, not one for work and labor. It was a simple contract for the sale of

the colt, to be delivered at a future time, gelded and well, at the price of $1,000. The animal was present, before the contracting parties, and was the precise property agreed to be delivered. True, an operation was to be performed of great hazard ; involving, however, little labor and trifling expense.˙ The plaintiffs assumed the expense and risk, for they were to deliver the colt gelded and well. It was the animal that was contracted for, not the incident of castration. The labor, expense and risk of the operation, were for the plaintiffs. The animal was the subject of the purchase and sale, to be gelded before delivery. The language of BAILEY, J., in *Smith* v. *Surman,* 9 Barn. & Cress. 561, well applies here. He says: " The vendor, so long as he was felling it (the timber) and preparing it for delivery, was doing work for himself, and not for the defendant;" and he adds, it was " a contract for the future sale of the timber, when it should be in a fit state for delivery." There was not certainly any idea of manufacture involved in the agreement in this case — no idea of compensation for work and labor as such. In no fair and just sense can this contract be deemed one for work and labor. It was manifestly a contract of sale for the price of $1,000, and not being in writing, was void by the statute of frauds. The case was properly disposed of at the trial, and the defendant is entitled to judgment.

*Judgment for defendant.*