JOSEPH D. HIGGINS, Appellant, v. JOHN H. MURRAY, Respondent.

*Statute of frauds — contract for manufacture of material furnished by manufacturer — when title to manufactured article passes.*

A contract for the manufacture of an article out of material to be supplied and furnished by the manufacturer, is not within the statute of frauds.

When an article is manufactured, and notice of that fact is given to a party who has ordered it, it becomes the property of the party ordering it, subject to the lien of the manufacturer for the price, and a right of action at once accrues for the price.

Appeal from a judgment in favor of defendant, recovered on a trial at the Circuit.

On or about the 29th day of April, 1873, at the city of Brooklyn, the defendant gave to the plaintiff an order to manufacture for him a set of circus tents, materials to be furnished by the plaintiff, to be completed in three weeks' time. This order the plaintiff accepted, and he proceeded to manufacture said tents. Neither in the order nor in the acceptance of it, was any place of delivery of the tents specified, nor was any price, nor the time for the payment of the same mentioned. The plaintiff finished the tents on or about the 21st day of May, 1873, and notified the defendant of their completion. They were manufactured in every respect in compliance with the defendant's directions, and were of the value of $1,395, the amount claimed in the complaint. The plaintiff held the tents subject to the defendant's order for more than two months, to wit, until on or about the 29th day of July, 1873, when he received a letter from the defendant, in which the defendant directed him to ship " my canvas " to Bath, Maine, " by freight, either by boat or by cars." By a second letter the destination of the canvas was changed to Lewiston, Maine. The cost of transportation the defendant agreed to pay.

*Townsend & Weed*, for the appellant. The place of delivery, in the absence of any agreement, is the premises of the manufacturer or seller, especially when the article to be delivered is bulky, as were

the tents. (*Terry* v. *Wheeler*, 25 N. Y., 520; *Pollen* v. *Leroy*, 30 id., 549, 554.) The time of payment, in the absence of any agreement, is immediately upon the execution and fulfillment of the contract. (*Lake O. R. R.* v. *Mason*, 16 N. Y., 451, 454.) Upon the completion of the tents the plaintiff had in every respect fulfilled his contract, and he was entitled to payment of their price or value. (*Crookshank* v. *Burrell*, 18 Johns., 58; *Muckey* v. *Howenstine*, 3 N. Y. S. C., 28.) The plaintiff delivered the tents at the time and place specified, and notified the defendant of their completion. The delivery and notice vested the title in the defendant, certainly so far as to place the property at his risk. Nothing remained to be done by the plaintiff. (*Olyphant* v. *Baker*, 5 Denio, 382; *Hayden* v. *Demets*, 53 N. Y., 431; *Bement* v. *Smith*, 15 Wend., 493, 497; 2 Kent's Com., [side paging] 492.) The direction of the plaintiff to the forwarder to collect the price of the tents before parting with their possession, did not operate as a reclaimer of title. (2 Kent's Com., [side paging] 492; *Hayden* v. *Demets*, 53 N. Y., 426.)

*S. P. Freeman*, for the respondent, cited only *Baker* v. *Bourcicault* (1 Daly, 23).

DANIELS, J. :

This action was brought to recover the price of a circus tent. The evidence tended to show that the defendant ordered the plaintiff to make him a circus tent, which he agreed to do. It was afterward, pursuant to the order, manufactured by the plaintiff, and notice given of its completion by him to the defendant. After that, the defendant directed the plaintiff to ship the tent to him, at Lewiston, in Maine, by either boat or cars. The plaintiff shipped it by boat, under a bill of lading which required the price to be paid by the defendant and collected by the carrier on the delivery of the tent to him. It did not reach Lewiston, its place of destination, but was destroyed by fire on board the steamer at Portland. The learned justice presiding at the Circuit, on evidence tending to establish these facts, nonsuited the plaintiff.

The contract which the evidence tended to prove, was not within the statute of frauds, as it was for the manufacture of an article out

of material to be supplied and furnished by the plaintiff (*Crook-shank* v. *Burrell*, 18 Johns., 58; *Sewall* v. *Fitch*, 8 Cow., 215, 218, 219.; *Hight* v. *Ripley*, 19 Maine, 137; *Robertson* v. *Vaughn*, 5 Sandf., 1; *Towers* v. *Osborne*, Strange, 506; *Grover* v. *Buck*, 3 Maule & S., 178; *Donovan* v. *Willson*, 26 Barb., 138); and, according to its fair import, he was entitled to the price as soon as the tent was completed, and notice of that fact given to the defendant. No time was fixed for the delivery; and, by the construction which the law placed upon the agreement, the tent was to be delivered when it was finished, and notice of that fact was given by the plaintiff to the defendant. When that was done, it became the defendant's property, subject to the plaintiff's lien upon it for the price. And a right of action on those facts at once accrued for the recovery of the price. In *Crookshank* v. *Burrell* (18 Johns., 58), the plaintiff manufactured the wood work of a wagon for the defendant, which he was to go after and pay for in lambs at one dollar each. He did not go for the wagon, and on those facts a judgment for the price was sustained. The circumstance that the defendant there agreed to go after the wagon when the work was completed, does not distinguish the cases. For an obligation to receive and pay for the tent when it should be completed, and the defendant notified of the fact, will be implied by law from the nature of the transaction. In *Adlard* v. *Booth* (7 Carr. & Payne, 108), the plaintiff had printed books for the defendant, which were destroyed by fire while they remained in the possession of the printer. And the case was submitted to the jury on the simple question, whether the printer had completed the work before the fire occurred; and, as it was found that he had not, the defendant had the verdict. *Mixer* v. *Howarth* (21 Pick., 205), was, in its substantial features, very much like the present case. And there it was held that the plaintiff could recover the value of a carriage completed for the defendant, on notice of that fact, although no price was specified in the agreement under which the work was to be performed, and the carriage still remained in the manufacturer's hands. *Spencer* v. *Cone* (1 Met., 283), was decided under the same principle. In *Muckey* v. *Howenstine* (3 N. Y. S. C., 28), a recovery was sustained for barrels manufactured for the defendant, and not taken by him under the agreement made for the same.

The agreement for the manufacture of the tent not being within the statute of frauds, it was valid and binding on the parties, although no note or memorandum was made of it in writing, and consequently bound the defendant to receive and pay for the tent. When it was completed and he had notice of that fact, the plaintiff's right accrued for the recovery of the price, and from that time the property was at the risk of the defendant. That resulted from the fact that the contract was valid and had been fully performed by the plaintiff. What he afterward retained, was simply a lien for the price, which was not inconsistent with its recovery by action. And all that he did by shipping it subject to the payment of the price, was, to retain and preserve that lien as his security upon the property. By the fair import of the agreement, delivery and payment were to be simultaneous acts, and that was all which the bill of lading secured. The defendant could have his property by making that payment. And the plaintiff had the right to maintain his possession until such payment should be made, as long as no credit was to be given by the agreement.

At common law a mere agreement to sell specified articles of personal property at once, and without delivery of actual possession, vested the title in the vendee, and the right to the price in the vendor; but the former could not take the goods without either payment or tender of the price. This principle is quite analogous to the one which governs the rights and liabilities of the parties under a contract for the manufacture of a specified article. As soon as the article has been completed and notice given to the other party of that fact, the latter becomes obligated to take it and pay the price for it. If he does not do so, a right of action accrues to the manufacturer for the recovery of the amount due to him. And that right cannot be lost by sending it according to the direction of the person for whom it has been made, merely by subjecting it to the payment which the manufacturer may insist shall be made before the property passes beyond his control.

The shipment in the manner it was made, was no more than a continuance of the previous relations existing between the parties. The plaintiff held the possession of the property as the bailee of the defendant, to be delivered over to him whenever the price was paid. And in securing the preservation of that right, while he

complied with the defendant's direction to send it to him, he did nothing more than he was entitled to insist upon. The property had been subject to the defendant's risk from the time he had notice of its completion, and that was not transferred to the plaintiff by shipping it, as he did, conformably to the defendant's directions and his own lien for the price of it.

The case of *Baker* v. *Bourcicault* (1 Daly, 23), is relied upon by the defendant in support of the ruling at the Circuit. But as defendant there had no notice of the completion of the cards, and only agreed to pay for them when they were received, it is distinguishable in principle from the present controversy. The agreement with the defendant, in judgment of law, bound him to take the tent and pay for it when he had notice of its completion. That he failed to do, and violated his contract. For that the plaintiff was entitled to recover, if the jury believed his evidence, even though the property was afterward destroyed, as long as it was exposed to the risk encountered by it, without his fault and in direct obedience to the orders of the defendant. The judgment should be reversed and a new trial ordered, with costs to abide the event.

DAVIS, P. J., and BRADY, J., concurred.

Judgment reversed and new trial ordered, costs to abide event.