DAVIS et al. v. BLANCHARD.

(Supreme Court, Appellate Term, Second Department. October 11, 1912.)

FRAUDS, STATUTE OF (§ 83*)—ORDER FOR SUIT OF CLOTHES.

An order for a suit of clothes and a pair of trousers, to be made to his measure out of cloth selected by the person making the order, not being a sale of cloth or of clothes then in existence, but of articles to be manufactured by the tailor, was not a sale within the statute of frauds.

[Ed. Note.—For other cases, see Frauds, Statute of, Cent. Dig. §§ 147–153; Dec. Dig. § 83.*]

Appeal from Municipal Court, Borough of Brooklyn, First District.

Action by Jacob Davis and another against Austin J. Blanchard. From an order setting aside a judgment for defendant and granting a new trial, defendant appeals. Affirmed.

Argued October term, 1912, before CRANE ASPINALL, and PUTNAM, JJ.

L. Victor Fleckles, of Brooklyn, for appellant.
Manasseh Miller, of Brooklyn, for respondents.

CRANE, J. The order given by the appellant to the respondent to make him a suit of clothes and a pair of trousers to his measure out of cloth selected by him was not within the statute of frauds. The transaction was not a sale of the cloth selected, but of a suit and trousers to be made especially for the customer, according to his size and shape, and only suitable for him. The clothes were not

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

then in existence, but were to be constructed or manufactured by the tailor, not as part of his general stock, but as adapted solely to the plaintiff's use.

The cases in this state have established this to be the law. Sewall v. Fitch, 8 Cow. 215, determined that the sale of nails to be manufactured was not within the statute. Chief Judge Savage said:

"The contract was not for the sale of goods then in solido, but for work and labor in part in making the articles to be delivered."

Downs v. Ross, 23 Wend. 270, decided that a sale of wheat, a quantity of which was still unthreshed, was nevertheless a sale within the statute. In Parker v. Schenck, 28 Barb. 38, a brass pump was purchased, with alterations suited in a peculiar way to the purposes of the customer, and it was held to be a case to which the statute of frauds did not apply. The court said:

"It is the same as if a man bought cloth and ordered it made into a coat."

Smith v. New York Central R. R., *43 N. Y. 180, marked the distinction between a sale and a manufacture in determining that the sale of growing wood to be cut and delivered was within the statute of frauds. An order of paper to be manufactured was decided in Parsons v. Loucks, 48 N. Y. 17, 8 Am. Rep. 517, to be without the statute.

The leading case in this state is Cook v. Millard, 65 N. Y. 352, 22 Am. Rep. 619, holding that a sale of lumber, which only needed to be dressed and cut into different sizes, was within the statute; and this was followed by Higgins v. Murray, 73 N. Y. 252, and Hinds v. Kellogg (Com. Pl.) 13 N. Y. Supp. 922. In the former circus tents manufactured to measure, and in the latter circulars designed especially for the customer's business, were held not to be sales within the statute.

The justice before whom this case was tried, having given judgment for the defendant on the ground that the statute of frauds applied, was right in setting aside this determination and granting a new trial, and his order in this particular must be affirmed, with costs.

ASPINALL and PUTNAM, JJ., concur.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes