CAPE COUNTY MILLING COMPANY *v.* MORRIS & HIGH.

Opinion delivered February 3, 1919.

1. FRAUDS, STATUTE OF—SALES OF MERCHANDISE.—An oral contract for the delivery of 250 barrels of flour at $12.75 per barrel is a contract for the sale of merchandise and within Kirby's Dig., § 3656, requiring contracts for sale of goods, wares and merchandise for the price of $30 or upward to be in writing.

2. SAME—SUFFICIENCY OF COMPLAINT.—A complaint alleging an oral contract for the sale of 250 barrels of flour at $12.75 per barrel which fails to show that such flour was to be manufactured by the vendor or that he was to perform any work or labor in connection with it is demurrable, notwithstanding an allegation that in reliance on the contract plaintiff had expended work and labor in manufacturing the flour.

3. SAME—CONTRACT FOR SALE OR MANUFACTURE.—A contract for the sale of articles then existing, or such as the vendor in the ordinary course of his business manufactures or procures for the general market, whether on hand at the time or not, is a contract for the sale of goods, to which the statute of frauds applies.

Appeal from Lonoke Circuit Court; *Thomas C. Trimble,* Judge; affirmed.

*John P. Streepey,* for appellant.

The complaint pleads a contract for work and labor and is not within the statute of frauds. 10 Barbour (N. Y.) 405, 426, affirmed in 8 N. Y. 182; 10 Johnson 364; 18 *Id.* 58; 8 Cowen 215-219; 1 Rich. Law 199; 44 Am. Dec. 247; 37 *Id.* 548; 68 S. E. 571-2; 121 N. Y. S. 845; 96 N. E. 422; 147 Fed. 641; 196 *Id.* (C. C. A.) 305; 1 Strange 506. This court should follow the New York rule as stated *supra.* It was not a sale of the flour within the statute of frauds.

*James B. Gray,* for appellees.

It was not error to sustain the demurrer. It was not a contract for work and labor but a sale within the statute of frauds. Kirby & Castle's Digest, § 3984, and cases cited, and the judgment should be affirmed.

WOOD, J. The appellant brought this action against the appellees. The appellant, plaintiff below, alleged

that "it is a corporation organized and existing under and by virtue of the laws of the State of Missouri, with its principal office at Jackson, Missouri; that on the 31st day of July, 1917, defendants verbally ordered from plaintiff one car load of Gold Leaf and None Better flour, consisting of 250 barrels, to be delivered on the option of the defendants to October 1, 1917; that in reliance upon said order, plaintiff bought wheat necessary to grind same and expended the necessary work and labor to produce and manufacture said 250 barrels of flour; that defendants were tendered said flour at the contract price, which was $12.75 per barrel, but refused to take same and on September 11, 1917, attempted to countermand said order; that on said date flour was worth less than the contract price and plaintiff suffered a loss of $1.25 per barrel, making a total loss of $312.50; and that plaintiff was damaged in the work and labor that it had expended in the sum of $312.50 and that said defendants refused and still refuses to pay it said amount after demand made upon it.

"Wherefore, plaintiff prays judgment against the defendants in the sum of $312.50, and for costs."

The appellees, defendants below, demurred to the complaint on the ground that said complaint shows on its face that it was a verbal contract for the delivery of the goods, wares and merchandise, in a sum exceeding $30 and was therefore within the statute of frauds, which the defendants specially pleaded as a defense to this action.

The court sustained the demurrer, and the appellant declined to plead further. The court, thereupon, entered a judgment dismissing the cause, to which ruling the appellant duly execepted and prosecutes this appeal.

Section 3656 of Kirby's Digest provides: "No contract for the sale of goods, wares and merchandise, for the price of thirty dollars or upward, shall be binding on the parties unless, first, there be some note or memorandum, signed by the party to be charged; or, second, the purchaser shall accept a part of the goods so sold and actually receive the same; or, third, shall give something

in earnest to bind the bargain, or in part payment thereof.''

The issue raised by the demurrer is whether or not the complaint states a cause of action for damages growing out of the breach of contract for the sale of merchandise or whether it states a cause of action for breach of contract for labor to be performed. If the contract set up is one for the sale of flour, then it is within the statute of frauds, *supra,* and is not binding on the appellees. On the other hand if the contract is one for work and labor to be performed then it is not within the statute, *supra,* and the appellees are liable for any damages that may have accrued from breach of the contract.

The complaint alleged a verbal order by the appellees from appellant of ''one car of 'Gold Leaf and None Better' flour consisting of 250 barrels to be delivered on the option of the appellees to October 1, 1917, and that the contract price was $12.75 per barrel.''

These allegations show that the contract was only for the sale of merchandise and within the statute, *supra.* The further allegations, ''that in reliance upon said order appellant bought the wheat necessary to grind same and expended the necessary work and labor to produce and manufacture said 250 barrels of flour, *et cetera,''* do not show what the contract was, but only what the appellant did in reliance upon the contract.

Allegations showing what appellant relied on and what it did in performance of the contract, make quite a different proposition from allegations stating what constituted the contract itself.

The appellants rely upon a line of decisions in New York and some other States in the Union which hold that a verbal contract ''for the sale of any commodity not in existence at the time but which the vendor is to manufacture or put in a condition to be delivered (such as flour from wheat not yet ground or nails to be made from iron in the vendor's hands), is not a contract of sale within the meaning of the statute.'' *Crookshank* v. *Burrell,* 18 Johns 58; *Sewall* v. *Fitch,* 8 Cow. 215; *Robertson* v.

*Vaughan,* 5 Sandf. 1; *Downs* v. *Ross,* 23 Wend. 270; *Eichelberger* v. *McCauley,* 5 Har. & J. 213; *Bird* v. *Muhlinbrink,* 1 Rich. Law 199, 44 Am. Dec. 247; *Wallace* v. *Dowling,* 68 S. E. 571-572; *Myer Bro. Drug Co.* v. *McKinney et al.,* 121 N. Y. Supp. 845; *Gasden* v. *Lance,* 1 McMullan's Equity, 87, 37 Am. Dec. 548.

But the doctrine of the above cases does not apply here for the reason that the facts alleged in the complaint constituting the contract do not show that the 250 barrels of flour ordered were to be manufactured by the appellant from wheat not yet ground or that appellant was to perform any other work and labor necessary to manufacture and put the flour in barrels in the condition in which it was ordered. The contract was an order, of date July 31, 1917, for 250 barrels of flour existing, *in solido,* to be delivered at the option of the appellee to October 1, 1917.

The facts stated clearly show that the work and labor to be done or expenses to be incurred in the manufacture of the flour did not enter into the consideration for, and were not to be embraced within, the contract. Therein lies the distinction between a contract of sale of merchandise, *in solido,* and a contract for work and labor to be performed or expenses to be incurred in bringing the subject matter of the contract into existence and putting same in condition for delivery. When the latter is the case it is not a contract of sale within the meaning of the statute. But here, as we construe the allegations of the complaint (as already stated), it is a pure contract of sale and not one for work and labor. The contract is, therefore, within the statute.

In *Goddard* v. *Binney,* 115 Mass. 450-454, the court, under a statute similar to our own (Pub. Statute of Massachusetts, 1881-82, p. 430), held: "That a contract for the sale of articles then existing, or such as the vendor in the ordinary course of his business manufactures or procures for the general market, whether on hand at the time or not, is a contract for the sale of goods, to which the statute applies." This doctrine of the Supreme Court of Massachusetts virtually embodied by judicial

construction into the statute of frauds of Massachusetts what is designated in England as Lord Tenterden's Act, enacted by Parliament to take effect January 1, 1829 (9 Geo. IV., Stat. at Large, ch. 14, pp. 18-20). This act was afterwards in effect expressly enacted as a part of the statute of frauds of Massachusetts (Acts & Resolves of Mass., 1908, p. 173). The decision in *Goddard* v. *Binney, supra,* was rendered, however, when the statute of Massachusetts was substantially the same as ours, and according to that case the contract under review would be within the statute of frauds, even if it were susceptible of the construction contended for by the appellant. But the facts stated in the complaint in which the contract is set forth, do not require that we shold determine whether the rule is correct, under our statute, as thus broadly stated by the Supreme Court of Massachusetts.

There is no error, and the judgment is affirmed.