[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 566 
[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 567 
[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 568 
This case comes before us on a special verdict.
The first question to be considered upon the facts found by the jury, is whether the Towanda Bank was the owner of the land in question when the attachment in favor of the plaintiff against that bank was issued. If the bank was then the owner, having the legal estate, and if the plaintiff's attachment and proceedings thereon were regular and effectual, the plaintiff's title is valid.
The jury have found among other things, "that the said Amasa Dana paid no consideration for the land, the premises in question, and had no interest whatever in the said property or premises, but took the title for the purpose of selling and conveying it for the benefit of the Towanda Bank; and while the said Amasa Dana held the title in the manner aforesaid, it was held solely for the benefit of the Towanda Bank, and entirely subject to their control."
The truth of this finding can not be questioned in this court. We are bound to regard it as found on proper and sufficient evidence, and if we are to indulge in any presumption on the subject, it must be that the trust was created or declared by deed as required by the statute (2 R.S. 134, § 6).
But if we were at liberty to look into the other facts found by the jury for the purpose of ascertaining whether Mr. Dana took the sheriff's certificate and the deed from Dennis as a passive trustee of the Towanda Bank, we find what in my opinion is abundantly sufficient evidence of the fact. I allude to the deed executed by Mr. Dana and the Towanda Bank to the defendant Douglass. In this deed it is distinctly recited, *Page 569 
that the premises in question had been conveyed to and the titlethereof vested in Mr. Dana as the trustee and for the use of theTowanda Bank. To my mind this appears to be a clear and valid declaration of trust, between the trustee and the beneficiary. Both were parties to the deed. This, according to my understanding of it, was not the creation of a new trust at the date of the last mentioned deed in August 1843, but a solemn declaration that the trust had in fact existed from the time the premises were conveyed to Dana. These parties, Dana and the Towanda Bank, are bound by the declaration; and so is Douglass, the defendant. They were all parties to the deed containing it. It showed the relation in which in reality Dana and the Towanda Bank stood to each other from the beginning. It is of no importance that the object of that deed was to convey the title to Douglass. Nor is it of any consequence what effect the declaration had upon the title attempted to be conveyed by that deed. With that deed before their eyes, the jury could have found no other verdict than they did in relation to the trust on which Dana took the sheriff's certificate and the deed from Dennis. It was a declaration of trust by a deed in writing, signed by the party declaring the same; and this is all the statute requires. It was precisely the instrument which the statute requires, to show that the trustee was not the owner of the land by virtue of conveyances to him absolute on their face; and this was evidently the reason why the Towanda Bank joined in the deed to Douglass.
The statute prescribes no particular form by which the trust is to be created or declared. Under our former statute in relation to this subject, it was only necessary that the trust should be manifested in writing; and therefore letters from the trustee disclosing the trust were sufficient. Such is the law of England (Stat. 29, Car. II, ch. 3, § 7. Forster v. Hale, 3 Ves.Jun. 696). Our present statute requires that the trust should be created or declared by deed or conveyance in writing, subscribed by the party creating or declaring the trust. But it need not be done in the form of a grant. A declaration of trust is not a grant. It may be contained in the reciting part of a conveyance. Such *Page 570 
a recital in an indenture is a solemn declaration of the existence of the facts recited, and if the trustee and cestuique trust are parties to the conveyance, the trust is as well and effectually declared in that form as in any other.
It is established therefore by the finding of the jury, that Dana took the assignment of the sheriff's certificate, and the deed from Dennis, upon a general trust for the Towanda Bank. This was not valid as a trust under section 55 of the statute of trusts, because its object was not one of those specified in that section. It was a passive trust. The Towanda Bank was "entitled to the actual possession of the lands, and the receipt of the rents and profits thereof." The jury found that Dana held the title solely for the benefit of the Towanda Bank, and entirely subject to their control. Under such circumstances the effect of the conveyance to Dana is declared by the statute of trusts. The 49th section is as follows. "Every disposition of lands whether by deed or devise hereafter made shall be directly to the person in whom the right to the possession and profits shall be intended to be invested, and not to any other, to the use of or in trust for such person: and if made to one or more persons for the use of or in trust for another, no estate or interest legal or equitable shall vest in the trustee."
It is not necessary for the purpose of bringing the conveyances to Dana within the operation of this section, that the trust in favor of the bank should have been expressed upon their face. It is enough that such a trust actually existed and was proved by another deed. The 49th section therefore applies and its effect on the conveyances to Dana, was that they vested in him no title legal or equitable.
The further effect of these conveyances is declared by the 47th section. "Every person, who by virtue of any grant, assignment or devise, now is or hereafter shall be entitled to the actual possession of lands, and the receipt of the rents and profits thereof in law or in equity, shall be deemed to have a legal estate therein, of the same quality and duration and subject to the same conditions as his beneficial interest."
By the verdict of the jury the Towanda Bank was entitled *Page 571 
to the whole beneficial interest in the lands in question, and to the possession and profits thereof, and this section of the statute vested in the bank the whole legal estate, from the time when the conveyances were executed to Dana.
The consequences are first that the plaintiff Wright could lawfully attach and sell the land as the property of the bank when his attachment issued: and secondly that Dana having no interest in the land either as trustee or otherwise, the service upon him of an attested copy of the attachment was unnecessary.
This view of the case renders it unnecessary to consider it in any of the other aspects in which it was presented on the argument.
It is proper however to notice the point made by the defendant's counsel that the jury did not find the fact of a sale on Wright's judgment against the Bank.
The jury found the judgment, execution sheriff's return endorsed thereon "made in full by sale of real estate," and that the sheriff "at the time of the sale last mentioned gave and executed to the said plaintiff his certificate of such sale in due form of law stating such sale and the purchase by the plaintiff" c.
We think this a sufficient finding of the fact of the sheriff's sale, although not stated in direct terms. The jury refer to the sale as a fact which had taken place before the sheriff's certificate was given. The objection is formal merely, and we think even in that point of view, not well founded.
The judgment of the supreme court ought to be reversed and judgment entered on the special verdict in favor of the plaintiffs with costs below and costs of their appeal.