WRIGHT *against* DOUGLASS.

*Resulting trust; attachment; recitals in deed.*

THIS cause having once been before the Court of Appeals (2 Comst. 373, and 3 Barb. S. C. Rep. 554), came up again, on appeal by the plaintiff from a judgment of the Supreme Court in favor of the defendant, on a special verdict found by the jury. (For the principal facts see the reports above referred to.) The jury found, on this occasion, that Dana paid no consideration for the lands in controversy, but took the title for the use of the Towanda Bank. That this fact was recited in the deed from Dana and the bank to the defendant Douglass.

The Supreme Court held that the Towanda Bank, which paid the consideration, had, under our statutes in relation to uses and trusts, no interest in the premises, legal or equitable, but that a resulting trust was created, in accordance with the 52d section of said statutes, in

favor of the creditors of the bank at the time of the conveyance to Dana.

That the plaintiff was not such creditor, and that the bank had no interest which could be attached at the time when the plaintiff's attachment was levied.

That the defendant was not estopped from denying that Dana was a trustee for the bank by the recital of that fact in the conveyance to him.

That if Dana was to be regarded as a trustee, the plaintiff's proceedings and judgment under his attachment were void, because no copy of the attachment had been served upon the trustee, in accordance with the act of 1842 (p. 227, § 2).

The Court of Appeals reversed the judgment, and ordered judgment for the plaintiff on the special verdict, on the ground that the transaction between the Towanda Bank and Dana was an attempt to create a passive trust, not allowed by the statute, and that therefore no estate, legal or equitable, vested in Dana.

That the finding of the jury was conclusive on that subject; and if the evidence set forth in the verdict was examined, the deed to the defendant was equally conclusive, the recitals of which were evidence against the defendant who accepted it, as well as against the grantors.

That the equitable estate was in the Towanda Bank when the plaintiff's attachment was levied, and that such equitable estate was liable to be seized on the attachment.

That the plaintiff, by virtue of his attachment and the judgment and conveyance under it, became possessed of the entire interest of the Towanda Bank in the land, and the subsequent execution of the deed by the sheriff to the bank perfected his legal title.

That as Dana was not a trustee, it was not necessary to serve upon him a copy of the attachment.

(S. C., 10 Barb. 97; 7 N. Y. 564.)