## Courtright *vs.* Stewart.

An agreement by a mechanic, to furnish materials and do the carpenter work and turning, according to a specified plan and specification, for buildings to be erected upon the land of another, is not a contract for the sale of goods, within the meaning of the statute of frauds. It need not, therefore, be in writing, signed by the party sought to be charged.

The true criterion for determining whether a contract is for the sale of *goods*, and therefore within the statute of frauds, or for *work and labor* and materials, and so not within the statute, is to inquire whether the work and labor required, in order to prepare the subject matter of the contract for delivery, is

to be done for the vendor himself, or for the vendee. In the former case the contract is really a contract of sale, while in the latter, it is a contract of hiring.

APPEAL from a judgment of the Albany mayor's court. The facts which appeared upon the trial in the court below, were as follows: In October, 1851, the defendant, having procured a plan and specification of three buildings to be prepared, invited the plaintiff and several other builders to submit estimates for performing the work and furnishing materials. The plaintiff submitted a proposition in the following terms: "The subscriber proposes to furnish materials and complete the carpenter's work and turning, according to the plan and specification drawn by Woollet, for three buildings and stables for James Stewart, in Westerlo street, for the sum of twenty-eight hundred and ninety-five dollars.     E. M. COURTRIGHT."

Several other similar estimates were presented by other mechanics, but no other was as low as that of the plaintiff. It was proved that, after the proposals had been examined, the defendant repeatedly stated that the plaintiff had the job. But, instead of allowing the plaintiff to go on with the construction of the buildings, he employed one De Forest to do the work. When built, according to the plan and specification, the whole expense of the work was about $2500.

The plaintiff having rested, the defendant moved for a nonsuit. The court granted the motion, on the ground that the contract between the parties was a contract for the sale of goods and chattels and within the statute of frauds, and, therefore should be in writing, signed by the party sought to be charged. The plaintiff excepted.

From the judgment entered in pursuance of this decision the plaintiff appealed.

*L. Tremain,* for the plaintiff.

*J. H. Reynolds,* for the defendant.

*By the Court,* HARRIS, J. It is not easy to prescribe a test by which to determine, in every case, whether a contract is

---

Courtright *v.* Stewart.

---

for the sale of *goods*, and therefore within the statute of frauds, or, for work, labor and materials, and so, not within the statute. In the earlier cases it was held that where any thing remained to be done to the subject of sale, the contract was not within the operation of the statute, but was a contract for work and labor. Thus, in *Towers* v. *Osborne*, (1 *Strange*, 506,) the contract was for the sale of a coach which was yet to be made by the vendor; and, in *Clayton* v. *Andrews*, (4 *Burr.* 2109,) the contract was for the sale of wheat, yet to be thrashed. It was held in these cases, that the contract might be deemed to be a contract for work and labor in preparing the articles for delivery, and so was not within the statute. The doctrine of these cases was recognized and followed by the supreme court of this state, in *Crookshank* v. *Burrell*, (18 *John.* 58,) where the contract was for making the wood-work of a wagon; and in *Sewall* v. *Fitch*, (8 *Cowen*, 215,) where the contract was for nails yet to be manufactured. In the latter case, Savage, Ch. J. says, "The contract was for the delivery of nails thereafter to be manufactured, and, therefore, within the decisions cited, was a contract for work and labor, and materials found, and so out of the statute." In *Downs* v. *Ross*, (23 *Wend.* 270,) it was held that a contract for the sale of wheat, part of which was not thrashed, and part though thrashed, was yet to be cleaned, was a contract of sale; thus directly overruling the case of *Clayton* v. *Andrews*, above cited, as had been done before in England. (*See Garbutt* v. *Watson*, 5 *Barn. & Ald.* 613, *cited by Bronson, J. in Downs* v. *Ross.*)

The distinction we are now considering is clearly stated in *Mixer* v. *Howarth*, (21 *Pick.* 205.) In that case the plaintiff had on hand a buggy, partly finished. It was agreed that he should finish it for the defendant, within a fortnight, but when it was finished the defendant refused to accept it. Shaw, Ch. J. said "when the contract is a contract of sale, either of an article then existing, or of articles which the vendor usually has for sale, in the course of his business, the statute applies to the contract, as well where it is to be executed at a future time, as

Courtright *v.* Stewart.

where it is to be executed immediately. But where it is an agreement with a workman, to put materials together and construct an article for the employer, whether at an agreed price or not, though in common parlance it may be called a purchase and sale of the article, to be completed *in futuro,* it is not a sale, until an actual or constructive delivery and acceptance, and the remedy for not accepting is on the agreement." So, in *Spencer* v. *Cone,* (1 *Metcalf,* 283,) where the plaintiff agreed to make for the defendant ten stave machines and find the materials therefor, it was held to be an agreement for labor and materials, and not a contract of sale.

Another, and, as it seems to me, a still more accurate criterion is, to inquire whether the work and labor required, in order to prepare the subject matter of the contract for delivery, is to be done for the vendor himself, or for the vendee. In the former case, the contract is really a contract of sale, while in the latter it is a contract of hiring. (*See Downs* v. *Ross, above cited. Also Smith* v. *Surman,* 9 *Barn. & Cress.* 561. *Watts* v. *Friend,* 10 *id.* 446.) The application of this test to some of the reported cases, as, for example, that of *Sewall* v. *Fitch,* (8 *Cowen,* 215,) would render the correctness of their decision, to say the least, quite questionable. In the case last mentioned the plaintiffs were manufacturers. They received from the defendants an order for a quantity of goods which they did not then happen to have on hand. They proceeded to manufacture them. In doing so, they were not performing work and labor for the defendants, but for themselves, so that they might have the goods which they had agreed to sell to the defendants. The thing contemplated by the parties was a sale, and not employment.

But I do not see how, even by the most enlarged construction of the statute, it can be made to sustain the decision in the court below. Nothing was sold, or intended to be sold. The subject matter of the contract did not exist *in solido* at the time, so as to bring the case within the principle stated by Bronson, J. in *Downs* v. *Ross.* Nor was the subject matter of the contract to become goods, upon the completion of the

contract, by the vendor's bestowing his own work and labor upon his own materials, according to the rule of Mr. Justice Littledale in *Smith* v. *Surman.* It was not a contract to purchase any thing of the . plaintiff. The contract, if, indeed, there was any contract at all, which, as the facts appear in the case, is quite doubtful, was but an agreement with a mechanic to bestow his work and labor upon materials to be furnished by him, and thus to produce certain fixtures and additions upon the real estate of his employer. To hold such an agreement to be a contract for the sale of goods, within the meaning of the statute of frauds, would be a stretch of construction scarcely less absurd than that presented, in the opposite direction, by some of the earlier cases. Had the nonsuit been put upon the ground that the plaintiff had failed to prove an acceptance of his proposition, I should have felt inclined to sustain the decision. Even upon that question, perhaps there was enough evidence to carry the case to the jury. But as the case was decided entirely upon the validity of the contract, assuming that a contract had been proved, the judgment must be reversed and a new trial awarded, with costs to abide the event.

[ALBANY GENERAL TERM, September 4, 1854. *Wright, Harris* and *Watson,* Justices.]