WILLIAM A. SHARP, Appellant, *v.* SAMUEL JOHNSTON et al., Respondents.

(GENERAL TERM, FOURTH DEPARTMENT, JANUARY 7, 1871.)

The plaintiff contracted with the defendants to make three or four models for mowers, at once and without delay, and the price was not specified. *Held*, that the contract meant that the work should be done as soon as it could reasonably be performed by the plaintiff.

That, in legal character, it was not for the sale and delivery of models, but for work, labor and materials to be done and furnished.

That the price agreed was the reasonable worth of the articles when made and delivered, if delivered in time.

And that the contract was entire for the making of either three or four models, at the option of the plaintiff.

Accordingly, *held*, further, that an acceptance by the defendants of one of the models delivered within the stipulated time created no liability on their part to the plaintiff, unless the contract was afterward fully performed, or further performance waived before the time for complete performance had expired.

The referee gave the plaintiff judgment for the value of the model delivered, and the question of waiver was not raised before or decided by him, the plaintiff appealed.—*Held*, that there could be no presumption of fact in support of the judgment, and a new trial was granted.

THE plaintiff in this case appealed from the judgment entered on the report of a referee in his favor, claiming that the amount of such judgment, as directed by the referee, was less than he was entitled to recover.

The complaint alleged that the defendants, as partners, under the name of Johnston, Huntley & Co., doing business as manufacturers of mowers and reapers, requested the plaintiff to perform, and that the plaintiff thereupon performed

for them, work and labor, and furnished materials, to the value of $395, and that thereby the defendants became, and still remained, indebted to the plaintiff in that sum. The complaint also contained a count for sale and delivery of certain models for mowers, and demanded judgment, &c. The answer denied the indebtedness, and set up a contract, by which it claimed that the plaintiff was to make certain models for the defendants, for use in effecting sales of their machines for the harvest of 1868. It alleged that the plaintiff delivered one model when the season was far advanced, and did not then intimate, and the defendants did not then suppose, that he was making other models; and that the plaintiff sent two other models in the middle of November, 1868, which they refused to accept.

The referee reported as follows, as conclusions of fact:

That, at the times mentioned in the complaint, the defendants were partners, doing a manufacturing business at Brockport, New York, under the firm name of Johnston, Huntley & Co.; that, on the 4th day of May, 1868, it was agreed by and between the plaintiff and defendants that the plaintiff should make for the defendants three or four models of a mowing-machine, known as the Cycloid Mower, at once and without delay; that, in pursuance of the agreement, the plaintiff made the patterns which were necessary in order to construct the models, and, on the 31st day of July, 1868, completed and delivered the first model to the defendants; that afterward, and on the 14th day of November, 1868, the plaintiff completed two other models of the Cycloid Mower, and shipped them by express to the defendants, who refused to receive the same; that it was worth, to make the patterns, the sum of eighty-four dollars, and to make the first model the sum of $124.50, and to make the other two models the sum of ninety-three dollars each; that a longer time was required to make the first model than to make either of the others, and that the first model was completed without unreasonable delay, but that the other two models were neither of them made at once, as required by the agreement, and not until

after an unreasonable time had elapsed; that, on the 23d day of May, 1868, the defendants paid the plaintiff, on account of the agreement, the sum of forty-five dollars.

And, as conclusions of law, that said two last models were not made in accordance with the terms of the agreement, and that the plaintiff was not entitled to payment therefor; that the plaintiff was entitled to judgment against the defendants for what it was worth to make the patterns and the first model, to wit, the sum of $208.50, less the sum of forty-five dollars already paid thereon, with interest on the same from the 20th day of November, 1868, amounting in all to the sum of $174.70, for which he ordered judgment, with costs.

*Ruger & Jenney*, for the appellant.

*Smith & Markham*, for the respondents.

Present — MULLIN, P. J., JOHNSON and TALCOTT, JJ.

By the Court — JOHNSON, J. The contract, as found by the referee, was, that the plaintiff was to make three or four models of a mowing-machine, at once and without delay. It is objected, on the part of the plaintiff, that this finding of fact is without evidence to sustain it, and is against the evidence. But I think the finding is fully justified by the evidence. This seems to me to be the fair and reasonable deduction from the letters, and all the other facts and circumstances attending the making of the contract. The meaning of the contract, as found, is, that the work should be done as soon as it could reasonably be performed by the plaintiff. The legal nature and character of the contract is not for the sale and delivery of the models by the plaintiff, but for work, labor and materials to be done and furnished by the plaintiff for the defendants. (*Prince* v. *Down*, 2 E. D. Smith, 525; *Courtright* v. *Stewart*, 19 Barb., 455; *Donovan* v. *Wilson*, 26 id., 138; *Parker* v. *Schenck*, 28 id., 38; *Stephens* v. *Sauter*, 51 id., 532.)

Sharp v. Johnston.

No price was agreed upon for the models; consequently, the law fixes the price at what the articles, when made and delivered, should be reasonably worth, if delivered in time.

The contract was entire for the making of three or four models. This left it optional with the plaintiff whether he would make three or four. It was necessarily at the plaintiff's option whether he would make three or four, as the defendants gave no orders on the subject. It must be deemed to have been left to him to decide as to the number. By making three, therefore, he completed the contract as to the amount of work and labor and materials to be done and furnished. The only question is, whether the work was performed in time. The referee has found, as matter of fact, that the first model was completed without unreasonable delay, but that the two others were not made at once, according to the contract, and not until after an unreasonable time had elapsed. From this he holds and decides, as a conclusion of law, that the plaintiff was entitled to recover the value of the first model, but not for the other two. No such legal result follows from the facts found. According to the facts found, the plaintiff was legally entitled to recover the whole or nothing. That the contract, as found, was an entire contract for the making and delivery of three or four machines cannot, I think, be doubted. It was in no respect divisible, either as to number, time, price, or day of payment; but the whole were to be made without delay. By accepting one model, which was made in time, the defendants did not become liable to pay for that. That was only part performance. The contract was not performed by the plaintiff, so as to entitle him to recover anything, until all three were made and delivered, or in readiness for delivery. There is nothing in the agreement from which it can be inferred that it was for separate models, each to be paid for on delivery, or as the work progressed. Such being the case, the acceptance of one created no liability whatever, unless the entire contract was afterward performed, or the further performance waived by the defendants, before the

time for complete performance had expired. (*Paige* v. *Ott*, 5 Denio, 406.)

Before a party can recover upon a contract, he must show that he has performed on his part. If he counts in his complaint simply for work and labor, the other party may defeat the action by setting up as a defence and proving that the work and labor were done in pursuance of a contract between the parties, which has not been performed by plaintiff. In the present case the defendants do not appeal, and the error above suggested is of no consequence, and does not affect the correctness of the judgment, except so far as it may tend to bring out more clearly and illustrate some error committed against the plaintiff, who is the appellant. He cannot, of course, and does not, complain that he has recovered a portion of his claim only, when he was not entitled to recover at all. His position is, that the recovery is for a part of his claim only, when it should have been for the whole. He insists that he has performed his contract. He has, in my opinion, fulfilled and performed on his part, in all respects, except that of time. Indeed, there is no complaint of any other breach. This being the case, his right to recover depended upon the question whether the defendants, by their conduct, had not waived strict performance in that particular. If they had, the work having been done, the plaintiff was entitled to recover; though, in such a case, the defendants would be entitled to recoup, under a proper answer, the damages they had sustained by reason of the non-performance in that particular. The recovery in such case is not upon the contract strictly, but rather upon the implied promise to pay for the work, labor and materials. The cases on this question are quite numerous in our own reports, only a few of which will be cited. (*Jewell* v. *Schræppel*, 4 Cowen, 564; *Smith* v. *Gugerty*, 4 Barb., 614; *Merrill* v. *The Ithaca and Owego R. R. Co.*, 16 Wend., 586.)

The question, whether the defendants assented to the continuance of the work, after a reasonable time for making the models had expired, does not seem to have been tried before

Sharp *v.* Johnston.

the referee, and has not been decided by him. What would amount to an assent would be a question of law, where there was no dispute as to the facts. If the evidence was conflicting, it would be a question of fact for the jury or the referee. Here the first model was not delivered until the 31st of July after the agreement was made, and the defendants accepted it without objection. They certainly had notice then that the plaintiff was engaged in the work. As nothing was said between them at that time on the subject, it is to be presumed the defendants knew the plaintiff was going on with his work ; and if they did not object that the time had expired, it will be presumed that they assented to his going on, and doing what was yet necessary to be done to complete the job. It does not appear that the defendants objected to receiving the two last models on the ground that they had not been made in time. According to the testimony of the defendant Johnson, he refused to receive the last models on the ground that they had never been ordered by the defendants. It might be presumed, in support of the judgment, that the referee had found that the defendants did not consent to the continuance of the work after the first model had been sent and accepted, if such finding would support the judgment. But it would have no such tendency, because it is apparent that the case was tried and decided upon an entirely different theory. The judgment would still be inconsistent with the facts found, and that fact in addition. In such a case, nothing will be presumed that does not appear in the report of the referee. On another trial, if it shall appear that the two last models were not made in due time, according to the true intent and meaning of the agreement, the question of the defendants' assent to the continuance of the work afterward can be tried and determined. That question has not been tried or determined, as the case now stands. I think the plaintiff's exceptions to the conclusions of law are broad enough to cover this question.

The judgment must, therefore, be reversed, and a new trial ordered, with costs, to abide the event.