DANIEL E. DONOVAN, APPELLANT, v. JAMES H VANDEMARK, RESPONDENT.

*Trust of real estate — when unauthorized and void.*

A testator devised certain real estate to a person therein named, "in trust, nevertheless, for the necessary support and maintenance of my son Abraham, during his natural life, and, after the death of the said Abraham," to his lawful children. *Held*, that the trust was not authorized by the Revised Statutes and was void.

APPEAL from a judgment in favor of the defendant, entered upon the trial of this action by the court without a jury.

The action was one in ejectment. Its determination depended upon the question whether or not a trust attempted to be created by the will of Andrew Schoonmaker, deceased, was valid.

The will provided : "I give, devise and bequeath to my friend George Chambers * * * all my real and personal estate, of every name and kind, wheresoever the same may be, in trust, nevertheless, for the necessary support and maintenance of my son Abraham, during his natural life, and, after the death of the said Abraham, to give and bequeath the said estate to the lawful children of the said Abraham, their heirs and assigns."

George Chambers refused to act as trustee and the plaintiff was appointed in his place.

*Van Etten & Clearwater*, for the appellant.

*J. Newton Fiero*, for the respondent.

BOARDMAN, J. :

I am entirely satisfied with the conclusions reached by the learned judge at Special Term, as expressed in his memorandum or opinion.

In *Leggett* v. *Perkins* (2 Comst., 297) it was settled, by a divided court, that a trust to receive the rents and profits and *pay them over* to the beneficiary is valid. Before that decision many learned judges thought such a trust within the prohibition of the Revised Statutes. Since then we have had numerous cases relating to these kind of trusts, but no well considered case is produced which would sustain the appellant's views. In *Rawson* v. *Lampman* (5 N. Y., 456) a conveyance to one "to have and to hold the same in

trust for, and for the use, benefit and behoof of, Mary Cooper, * * * her heirs and assigns," vested no estate or interest in the trustee. Again, where the beneficiary is entitled to the actual possession of the lands, and the receipt of the rents and profits, he is vested with the entire estate. (*Wright* v. *Douglass*, 7 N. Y., 564.) In *Vernon* v. *Vernon* (53 N. Y., 359), Judge ANDREWS says : " It is sufficient that a purpose within the statute is clearly embraced in the language used, or that a power, conferred in express terms, includes a power over the estate, for the execution of which the trustee may be clothed with the legal title."

In the case before us, the words, " in trust for the necessary support and maintenance of my son, during his natural life," does not express a purpose within the statute, nor is it necessary that the trustee should be clothed with the title in order that the son should get his support and maintenance from the real estate. The trustee has no power to lease or collect and receive the rents to the use of the testator's son. If there were doubt about the case of *Leggett* v. *Perkins* (*supra*), how absolute must be the conviction that this is not an active and valid trust within subdivision 3 of section 55 of 1 Revised Statutes, 728. (*Jarvis* v. *Babcock*, 5 Barb., 139.)

Intent is an important consideration in the construction of wills, but a trust estate prohibited by statute cannot be made valid by virtue of the testator's intent, even if perfectly apparent. (*Selden* v. *Vermilya*, 3 N. Y., 525.) Nor is there any good authority for saying such trusts are permitted for the benefit of special classes, such as infants, idiots, spendthrifts, etc. By the Revised Statutes all trusts are abolished, except such as are thereby permitted. There is nothing in the language used authorizing the creation of express trusts in any way limiting them to particular classes.

Without undertaking to examine and compare the many decisions on this subject, we think the judgment should be affirmed, with costs.

BOCKES, J., concurred, LEARNED, P. J., taking no part.

Judgment affirmed, with costs.