BLEWITT *v.* OLIN.

(*City Court of New York, General Term.* October 26, 1888.)

1. TRUSTS—TRUSTEES DE FACTO—PERSONAL LIABILITY.

In an action for work done it appeared that the premises on which the work was done were conveyed to defendant as trustee. Defendant had control of the property under an arrangement with the owner, and left the management of it to the owner's husband, who made the contract with plaintiff. *Held,* that though defendant was not a trustee under 1 Rev. St. p. 728, § 49, vesting the legal title in the beneficiary, he treated the deed as conveying the legal title to him, and was personally liable for the work done under the direction of his agent.

2. FRAUDS, STATUTE OF—AGREEMENTS RELATING TO SALE OF GOODS.

A contract to furnish materials and work on a house is not within the statute of frauds.[1]

Appeal from trial term.

Action by James Blewitt against Stephen H. Olin for work done and materials furnished. A verdict was directed for plaintiff, and defendant appealed.

Argued before NEHRBAS, McGOWN, and PITSHKE, JJ.

*G. L. Rives,* for appellant. *I. N. Miller,* for respondent.

PITSHKE, J. The appellant claims the direction of a verdict for plaintiff against defendant individually was improper, as it appeared that no part of the work or material supplied to the Rutland flat, and herein sued for, was furnished at the express request of this defendant, but at the request of Sidney De Kay, whose wife, Minna De Kay, was the owner in fee of said apartment house. The defendant was proceeded against as an undisclosed principal of Sidney De Kay. On the trial the plaintiff elected to rest upon his original complaint, unamended, and accordingly he put in evidence only the deed to "Stephen H. Olin as trustee for Minna De Kay." This deed vested in her directly the whole legal and equitable title to the premises, by 1 Rev. St. p. 728, § 49; *Wright* v. *Douglass,* 7 N. Y. 564. And there was nothing in the case to show that the defendant had any title, legal or equitable, in the property, contrary or subsequent to this deed. The claim in question did not accrue by means of any prior special act or representation of the defendant to the plaintiff, leading plaintiff to believe this defendant would pay his bill, and is not to be supported that way. The party to a matter of contract, or the undisclosed principal on whose account it was entered into, can be held responsible thereon. One is liable as the promisor, the other as undisclosed principal; and neither is discharged till the creditor's claim is paid. *Meeker* v. *Claghorn,* 44 N. Y. 349; *Butler* v. *Evening Mail,* 61 N. Y. 634; *Cobb* v. *Knapp,* 71 N. Y. 348. It was in evidence that said work and materials were necessary for the maintenance of the flat, and the performance of the labor and furnishing of the material to the amount and value claimed were undisputed. In fact, the plaintiff's whole case was admitted, except that the orders were on behalf of the defendant, *individualiter.* The only question arising, therefore, is whether this defendant is liable as an undisclosed principal. The scope of Sidney De Kay's authority was clearly established on the trial. As the evidence stood, it was plain the owner, Mrs. Minna De Kay, never interfered with the administration of the affairs of the property. The defendant, under an arrangement with such owner, had the sole control of the premises as general agent or manager thereof, and received and applied all the income of the same. He left the whole care and actual management of said Rutland flat to Mr. Sidney De Kay, however, as subsidiary agent in the defendant's behalf, expecting such subsidiary agent would pay all the expenses incurred out of

[1] Respecting contracts within the statute of frauds as being agreements for the sale of chattels, as distinguished from contracts for work and labor, see Russell v. Railway Co., (Minn.) 39 N. W. Rep. 302, and note.

the accruing rents. This general employment of Sidney De Kay made the latter the agent of this defendant individually, and his acts, within such subagency, bind the individual Stephen H. Olin, (defendant herein,) as if done by the defendant himself, directly. It was a general authority (express or implied) unto Sidney De Kay to act for and in the name of the defendant. The immediate contracting parties are first liable if the principal was undisclosed, and then those next superior to them, for whom either acted, where the ultimate principal was not fully known at the making of the contract under consideration. The preponderating evidence was that the defendant, under said deed, took possession as a supposed trustee of the whole Rutland flat, and exercised acts of ownership and control in a manner as if he had the legal estate, and continuously did so until the mortgage on the property was foreclosed. He acted as a trustee *de facto*, though he was only general agent or manager with equal authority; and by reason of his intermeddling with and assuming entire management of the property in his sole possession he is to be held subject, as regards liability for his agent's acts, to the same rules and remedies as actual trustees are. *Deming* v. *Puleston*, 55 N. Y. 655. He treated the said deed as conveying the legal estate to him, and acted accordingly. When the proof of a fact is so preponderating that a verdict against it would be set aside by the court as contrary to the evidence, then it is the duty of the trial judge to direct a verdict. *Dwight* v. *Insurance Co.*, 8 N. E. Rep. 654. There was nothing to submit to the jury, and the direction of a verdict for plaintiff was correct. An intermediary general agent is individually liable for the acts of his subagent, (by him selected,) which are properly done for him by such subagent, where no other principal was disclosed in the transaction. *Ripley* v *Cochran*, 10 Abb. Pr. (N. S.) 54; *Pumpelly* v. *Phelps*, 40 N. Y. 60.

The contract was evidently one to do certain work and supply the requisite material in so doing; and it was, hence, not within the statute of frauds, and the plaintiff is entitled to recover the full amount against the defendant, even were all furnished on oral orders. *Courtright* v. *Stewart*, 19 Barb. 455; *Deal* v. *Maxwell*, 51 N. Y. 652. These reasons require an affirmance of the judgment appealed from, with costs.