### SEIDELBACH et al. v. KNAGGS.

(Supreme Court, Appellate Division, First Department. November 10, 1899.)

1. TRUSTS—MARKETABLE TITLE—VENDOR AND PURCHASER.

    1 Rev. St. p. 728, § 49, provides that every disposition of land by deed shall be directly to the one intended to be invested with the right of possession and profits, and not in trust for such person, and that, if made in trust for another, no estate or interest, legal or equitable, shall vest in the trustee: and page 727, § 47, provides that any person entitled to the actual possession of land and the rents and profits shall be deemed to have a legal estate therein of the same quality as his beneficial interest. A deed granted lands to one T. as trustee of I. and A., with the habendum, "To have and to hold the premises unto the second party and assigns, to his and their only proper use, benefit, and behoof"; but no conditions of said trust appeared, save that the trustee was related to, and acted as guardian for, the beneficiaries. Said I. and A. received the deed, took immediate possession, and collected rents for several years, and then agreed to sell it to defendants. Defendants refused to perform their contract, claiming said deed gave I. and A. no interest in said land. Held, that the plaintiffs could convey good title, as said trustee had no estate in the land, but that on the execution of said deed the passive trust at once became executed, and vested the fee in said beneficiaries.

2. DEED—USES AND TRUSTS.

    Any presumption that there was a trust, the terms of which did not appear on the face of said deed, which would keep said trust from vesting in the beneficiaries, was overcome by the facts that the latter took possession and received the rents and profits.

    Van Brunt, P. J., and McLaughlin, J., dissenting.

Appeal from special term, New York county.

Action by Ida Seidelbach and others against Robert L. Knaggs. There was judgment for plaintiffs (58 N. Y. Supp. 199), and defendant appeals. Affirmed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, McLAUGHLIN, and INGRAHAM, JJ.

Abraham Cohen, for appellant.
G. S. Espenscheid, for respondents.

RUMSEY, J.   The action was brought for the specific perform-
ance of a contract for the sale of land by the plaintiffs to the defend-
ant.   By the terms of the contract the plaintiffs agreed to sell to the
defendant certain premises, and to execute to him a deed containing
a general warranty, with the usual full covenants, for conveying and
assuring to him the fee simple of the premises, free from all incum-
brances, except a certain lease, which is not necessary to consider.
The defendant complied with all the terms of the contract, except
the last payment, which amounted to $1,350; but at the time of clos-
ing the contract he refused to make that payment and take a deed,
for the reason that the plaintiffs had not a title in fee to the premises,
and therefore could not convey a good title to him.   The plaintiffs
thereupon brought this action to compel a specific performance, and
after the trial at special term a decision was made requiring the de-
fendant to perform the. contract and accept the deed; the learned
justice at the special term having concluded that the title offered by
the plaintiffs was a marketable one.

The facts are not in dispute.   The defendant's objection to the
title arises upon a certain deed under which the plaintiffs claimed to
take the fee in the land.   The deed was made on the 13th day of
November, 1875.   There is no dispute that, if this deed transferred
a good title to the plaintiffs, they were in a situation to perform the
contract.   The deed was made, apparently, upon a foreclosure sale
by the referee, who is described as the party of the first part; and
the grant was to "George Henry Thaule, as trustee of Ida Thaule and
Alveine Thaule, sometimes heretofore improperly designated ad-
ministrator for said persons, of the second part."   The habendum
clause is, "To have and to hold the premises unto the second party
and assigns, to his and their only proper use, benefit, and behoof."
The persons named in the deed as Ida Thaule and Alveine Thaule are
the plaintiffs.   Although the deed was made to George Henry Thaule
as trustee, no duties are imposed upon him as such, and the trust is
a passive one merely.   The plaintiffs received the deed, and immedi-
ately went into possession of the land, and received the rents and
profits of it, and have continued so to receive them.   George Henry
Thaule was the uncle of the plaintiffs, and it appears from the testi-
mony that he was acting as a sort of guardian for them.   These facts
are entirely undisputed, and upon them the question arises whether
the plaintiffs took any estate whatever in the land, and, if so, what
the nature of that estate was.   The statute of uses and trusts pre-
scribes that every disposition of land by deed shall.be directly to the
person in whom the right to the possession and profits shall be in-
tended to be invested, and not to any other to the use of or in trust
for such person, and, if made to one or more persons to the use of
or in trust for another, no estate or interest, legal or equitable, shall
vest in the trustee.   1 Rev. St. p. 728, § 49;   Real Property Law, §
73.   It is further provided by the statute that every person who, by
virtue of any grant, now is, or hereafter shall be, entitled to the

actual possession of lands, and the receipt of the rents and profits thereof, in law or in equity, shall be deemed to have a legal estate therein of the same quality and duration, and subject to the same conditions, as his beneficial interest. 1 Rev. St. p. 727, § 47; Real Property Law, § 72. The conveyance in this deed to George Henry Thaule "as trustee" for the plaintiffs had the same effect, so far as the statute was concerned, as though the phrase "in trust for" had been used instead of as "trustee." Wright v. Douglass, 7 N. Y. 564. It follows as a necessary conclusion that by the deed no estate, legal or equitable, vested in George Henry Thaule, but the passive trust was at once executed by the vesting of the fee in the plaintiffs, and therefore they took by the deed an estate in fee simple, which they were able to convey to the defendant. But it is said that, while this particular deed declared no active trust in George Henry Thaule, it made it necessary that the legal estate in the land should vest in him, yet that it may be that he did actually occupy such a relation to the plaintiffs, and therefore that it is possible that he was a trustee, and he took the legal estate by virtue of the deed. We are of the opinion that no such presumption exists. The statute had in view the establishment of the legal title to property which was conveyed upon a mere passive trust, and, when the only thing that appears in the deed is the existence of such a trust, the necessary implication follows the delivery of the deed and the reception of the rents and profits by the person who is named as cestui que trust, and that necessary implication is that he becomes vested with the fee in the land just as though the deed had been made directly to him. But in this case, even if there were a presumption, it is overcome by the undisputed facts, which are that the plaintiffs went into possession of the premises, received the rents and profits of them, and that the only relation between them and George Henry Thaule was that he was a sort of a guardian for them. If he were guardian, he certainly could have no interest in the estate, but simply the right to control it during his life. Therefore, upon the undisputed evidence as it appears in this case, the conclusion of the learned justice at the special term was correct, and the plaintiffs were seised of an estate in fee in the premises, and could convey a good title to the defendant, and the direction that the contract should be specifically performed was correct.

The judgment should therefore be affirmed, with costs.

BARRETT and INGRAHAM, JJ., concur.

McLAUGHLIN, J. I cannot concur in the conclusion reached by Mr. Justice RUMSEY. The plaintiffs were not entitled to a judgment directing the specific performance of the contract of sale unless the title which they tendered was in fact a good or marketable one. A good or marketable title is one which a person of reasonable prudence and caution would purchase, or accept as security for the payment of money loaned. Moore v. Williams, 115 N. Y. 591, 22 N. E. 233. See, also, Ruess v. Ewen, 34 App. Div. 484, 54 N. Y. Supp. 357, and cases there cited. Would a person of reasonable prudence

and caution accept this title? It seems to me not. The record title is not in the plaintiff. It is one "George Henry Thaule, as trustee" of plaintiffs, "sometimes heretofore improperly designated adminis-trator" for them. The habendum clause of the deed is, "To have and to hold the premises unto the second party and assigns, to his and their own proper use, benefit, and behoof." It is true that this deed to Thaule as trustee does not of itself create a valid trust, within the statute, or define the extent or duration of the duties of the trustee; but that could have been done by a separate instrument. The statute prescribes no particular form by which a trust in land may be created or declared, except that it shall be by deed or conveyance in writing, and subscribed by the parties creating or declaring it. It may be contained in the recital of a conveyance to which the trustee and the cestui que trust are parties, or it may be by another instrument. It is not even necessary that the trust should be expressed upon the face of the conveyance itself, or mentioned or referred to therein, to bring the case within the statute; but it is sufficient to answer all the requirements of the statute that the trust actually exists, and that fact may be established by another instrument. Wright v. Douglass, 7 N. Y. 564. While the recital in the deed to Thaule is insufficient to create a valid trust, nevertheless it is a sufficient notice if such trust does in fact exist, no matter when or how created. It is sufficient to put a purchaser upon his guard, and, if such a trust does in fact exist, it would be binding upon him, and he would make his purchase subject to it. Before the defendant could be expected to take title, it was incumbent upon the plaintiffs to show that the trust never existed, or, if so, that it had been terminated. This they failed to do. In other words, the burden was upon them to show that Thaule, as trustee, did not at the time the contract was made, or at the time of the trial, have any interest in the lands contracted to be conveyed; and, they having failed to negative that possibility, I do not think the title was a marketable one. Simis v. McElroy, 160 N. Y. 156, 54 N. E. 674. With the possibility of a claim of this character at some time being asserted, the title cannot be said to be a marketable one, which a reasonably prudent man would purchase, or which he would accept as security for the payment of money loaned. For these reasons, I think the judgment should be reversed.

VAN BRUNT, P. J., concurs.