(64 App. Div. 572.)

### LEWIS v. HOWE et al.

(Supreme Court, Appellate Division, Fourth Department.　September 25, 1901.)

1. TRUSTS—LEGAL TITLE.

Under Real Property Law, § 72, providing that every person who, by virtue of any grant, is entitled to actual possession of real property, and to the receipt of the rents and profits thereof, shall be decreed to have a legal estate therein of the same quality and duration, and subject to the same conditions, as his beneficiary interest, a deed conveying land to parties as trustees, and providing that the grantor and wife shall retain possession during their lives, passes no title thereto to such trustees, but the grantor and wife retain the same for their lives.

2. SAME—STATUTE—APPLICATION.

Real Property Law, § 79, declaring that, where a trust relating to real property directs the performance of any act which may be lawfully performed under a power, it shall be valid as a power in trust, and the real property shall remain in or descend to the persons otherwise entitled, subject to the execution of the trust as a power, applies only to the case where the deed attempting to create a trust does not make disposition of the rents and profits or of the realty to which the trust relates, and does not operate to vest title in the "person otherwise entitled" to land the rents and profits of which the ancestor has disposed of.

3. SAME—WORDS AND PHRASES—"VEST"—EFFECT OF USE.

The word "vest," used in a deed reciting that the property described shall vest in a certain person on the happening of a certain event, is effectual to give such person the right to the rents and profits on such contingency, so as to pass the legal title, under Real Property Law, § 72.

4. SAME—DEED—CONSTRUCTION—VESTED REMAINDER.

Where a deed of property in trust, retaining the use of the same during the grantor's life, recites that, if the grantee leaves a child surviving him at the time of the grantor's death, the premises conveyed are to vest in such child, on the death of such grantee his child has a vested remainder, though the deed further provides that the trustees shall convey to such child after such grantor's death.

5. SAME—TITLE—WILL—DEVISEE—RIGHTS.

Real Property Law, § 49, provides that vested remainders are alienable in the same manner as estates in possession. The owner of land conveyed the same in trust for his son and the latter's lawful heirs, the deed reciting that the grantor and wife were to retain full possession during their lives, and not until their death should the son, his wife or children, take any right under the trust; and that at the death of the grantor's wife the premises should vest in the children of such son then living. The son died leaving but one child, who, together with his wife and the trustees, delivered a quitclaim deed of the property to the original grantor, who, at his death, left such child as his only heir, but by will he gave the property to another. Held, that the quitclaim deed joined the entire estate in the original grantor, so that the devisee took a remainder in fee, to take effect in possession after the death of such grantor's wife.

Appeal from special term, Oswego county.

Action by Cora L. Lewis against Celia M. Howe and others. From a judgment in favor of plaintiff, defendants appeal. Reversed.

The deed referred to in the opinion contained the following recitals:

"It is understood and agreed that this grant is made in trust for the ben-efit of Charles James Case, of Fulton, and the lawful children of the said Charles James Case, under the conditions and restrictions following, to wit: Should the said Charles J. Case die without children surviving him, leaving a widow, then the premises aforesaid shall be subject to the use of said widow as long as she remains his widow; but it is understood that, should the present wife of the said C. J. Case become a widow, her use of the prem-ises is to be held subject and in subordination to the dower right of the wife of the said Charles G. Case, and, if she (the widow of said Charles James Case) again marries, the said premises shall become the property of the law-ful heirs of said party of the first part. And it is further understood that in case the said Charles James Case should have a lawful child or lawful chil-dren living at the time of the decease of the said C. G. Case, the grantor herein, and at the time of the decease of the present wife of said grantor, then the premises hereby conveyed are to vest in such child or children, and it is the intent of this trust that the said Chesebro & Hull, or their legal representatives, shall convey the same to such child or children; that is to say, after the decease of the said Charles G. Case and wife. It is understood and agreed that the said Charles G. Case and wife shall retain full possession of said premises during their lives, and it is not until after the decease of both the said Charles G. Case and his wife that the said Charles J. Case or his wife or children are to take any rights under the trust hereby created."

Argued before ADAMS, P. J., and McLENNAN, SPRING, WIL-LIAMS, and RUMSEY, JJ.

O. B. Gould, for appellants.

G. S. Piper, for respondent.

RUMSEY, J. This action was brought for the determination of a claim to real property. Upon the trial at special term the plaintiff had a judgment substantially for the relief demanded in the com-plaint. From that judgment this appeal is taken.

It is claimed that neither the plaintiff nor her grantor had such possession as would entitle the plaintiff to maintain this action; but, in the view we have taken of the case, this question need not be de-termined. The facts are not disputed, and are found as shortly as may be in the decision of the court at special term. On the 29th of October, 1853, one Charles G. Case was the owner in fee and in possession of the premises which are the subject of this action. On that day he made a deed to Chesebro & Hull, as "trustees for Charles James Case, son of the said Charles G. Case, and the lawful heirs of the said Charles James Case." By this deed it was, among other things, agreed that the grantor and his wife should retain full possession of the premises during their lives, and that it was not until after their decease that the said Charles James Case or his wife or children should take any rights under the trust therein created. It was further provided by the deed that at the death of the wife of the grantor the premises thereby conveyed should "vest" in the child or children of Charles James Case then living. Charles James Case himself had no interest in the premises in any event. Charles James Case, the son, died before the 20th of May, 1874, leaving Charles G. Case, 2d, his only son and heir at law. On the 20th day of May, 1874, Charles G. Case, 2d, and his wife, with the two named in the deed as trustees, delivered to Charles G. Case, the elder, a quitclaim

deed of the property mentioned in the deed of October 29, 1853. Charles G. Case, the elder, died on the 9th day of December, 1875, leaving a widow. Charles G. Case, 2d, the grantor in the deed of May 20, 1874, was his grandchild, and his only heir at law. By the will of Charles G. Case he gave the property in question to Mary Juliette Porter. She died in 1892, leaving the defendants her heirs at law. The plaintiff claims that, although by the deed of October 29, 1853, the trustees named therein obtained no title to the premises, they had a power in trust requiring them to convey to Charles G. Case, 2d, after the death of his grandmother; that Charles G. Case, 2d, never had any title or interest in the premises, and therefore his quitclaim deed to his grandfather, made on the 20th of May, 1874, was void; that all of the interest of Charles G. Case, 2d, was the right in equity to compel the trustees to execute the power in trust given to them by the deed of October 29, 1853; that by a deed from Charles G. Case to the plaintiff, made on the 1st day of February, 1899, the plaintiff obtained the legal title to these premises, and therefore is the owner of them, and entitled to maintain this action. It must be assumed that the legal title which the plaintiff obtained came in some way from Charles G. Case, 2d. That title must have been the one he acquired as heir at law of his grandfather; but as, by his will, the grandfather devised his title to Mrs. Porter, the ancestor of the defendants, it is not plainly perceived just how any title descended to Charles G. Case, 2d, after the death of his grandmother. But that is not very important in the consideration of this case. The important question is whether, by the deed of October 29, 1853, any title whatever vested in Charles G. Case, 2d, so that after the death of his grandfather and his grandmother he would be the owner of the premises in question; and, if such title did vest, then whether he was, on the 20th day of May, 1874, when he conveyed to his grandfather, vested of any estate in the land which would pass by a quitclaim deed, and whether, if he was, the grandfather became the owner of whatever interest the grandson had. It is held by the learned justice who decided this case that by the deed of 1853 the trustees took no right, title, or interest in the land. That necessarily follows from 1 Rev. St. p. 728, § 49 (Real Property Law, §§ 72, 73), because the trustees had no right of possession, nor to the rents and profits. Seidelbach v. Knaggs, 44 App. Div. 169, 60 N. Y. Supp. 774, affirmed 167 N. Y. 585, 60 N. E. 1120. But, although the trustees took no title to this property, it does not follow that the deed was not sufficient to pass the title to somebody. By section 72 of the real property law, which was formerly section 47 of that part of the Revised Statutes treating of uses and trusts, it is provided that every person who, by virtue of any grant, is entitled to actual possession of real property, and to the receipt of the rents and profits thereof, in law or in equity, shall be deemed to have a legal estate therein of the same quality and duration, and subject to the same conditions, as his beneficiary interest, so that if, by the deed of 1853, any person became entitled to the rents and profits of the premises therein by virtue of that deed, he undoubtedly had the legal estate to the same extent. That deed gave to the trustees no right to take the rents and profits

of the real estate, nor was the trust one which was valid under what was then section 55 of the law of uses and trusts, and is now section 76 of the real property law. Therefore the trustees could in no event take the title to the property mentioned in the deed. It is claimed, however, that the trust created by the deed of October 29, 1853, being valid as a power under section 79 of the real property law, the land must remain in or descend to the persons otherwise entitled, subject to the execution of the power; but necessarily that provision of section 79 only applies to a case where the deed attempting to create a trust does not make a disposition of the rents and profits, or of the real property to which the trust relates. If it does make a disposition of that property, then, under section 72, above cited, the title vests in the person who is entitled to the rents and profits. By the deed of 1853 it is seen that the grantor and his wife were to retain the full possession of the premises during their lives. Undoubtedly, the legal effect of that was that they should have a legal estate therein for their lives.

It further appears that if Charles J. Case left a child or children him surviving at the time of the decease of the older Charles G. Case and his wife, the premises conveyed by the deed were to "vest" in that child. Charles J. Case died before the 20th day of May, 1874. Whoever was then his child, if he had one, became necessarily the person in whom this property was to vest by this deed. That person was Charles G. Case, 2d. By the express terms of the deed he was the person in whom, if living, the property should vest at the death of his grandfather and grandmother. The word "vest" was effectual to give to him the property. He became the owner of it by the use of that word. 28 Am. & Eng. Enc. Law, p. 442; Bouv. Law Dict. tit. "Vest." No deed of anybody was necessary to give him the legal title, because by the express terms of that deed the property vested in him. He became entitled to it and to the rents and profits immediately after the death of his grandparents, and the necessary effect, under the provisions of section 72 of the real property law, was to give him the legal estate. After his father died, he was the person in being who would have the immediate right to possession of the property on the determination of the life estate of his grandfather and grandmother. Therefore his remainder was vested (1 Rev. St. p. 723, § 13; Real Property Law, § 30), so that on the 20th day of May, 1874, Charles G. Case had a vested remainder in that property under the deed of October 29, 1853.

But it is said that, as by the terms of the deed the trustees were to convey to whatever child should be living after the death of the owners of the life estate, no title vested in them until such time as the conveyance was made; and to establish that proposition the case of Townshend v. Frommer, 125 N. Y. 446, 26 N. E. 805, was cited. It is quite true that it was held in that case, under a deed containing provisions for the disposition of the fee to persons who were not ascertainable until after the death of the owner of the life estate, that no interest passed to the person entitled until the actual conveyance of the estate. But that is not the general rule in such cases. In Campbell v. Stokes, 142 N. Y. 23, 36 N. E. 811, the deed directed

the executors of the testator to divide his residuary estate into as many shares as he had children, to be held in trust for the child for life; and then directed that upon the death of the beneficiary the executors should convey, transfer, pay over, and deliver the share to his or her living issue, if he had any surviving. In that case it was held that the issue of any child of the testator living at his death took a vested remainder in the share held in trust for the parent, subject to open and let in after-born children; and that the vesting of their interest did not await the exercise by the trustees of their power to transfer, convey, etc., but they took as remainder-men, independent of the power. The chief judge in this case laid down the general rule that under such provision the issue of any child of the testator living at his death took under the will a vested remainder in the share held in trust for the parent, if living, subject to open and let in after-born children, and to be devested by their death before the death of the parent. It was held that such was the general rule, and the learned chief judge distinguished the case of Townshend v. Frommer, because, he said, the case was peculiar and anomalous; but he said further that it did not affect the general rule. Applying the rule of that case to the case at bar, it seems quite clear that the effect of this deed was to give a vested remainder to Charles J. Case. By the terms of the statute that vested remainder was alienable in the same manner as an estate in possession. 1 Rev. St. p. 725, § 35 (Real Property Law, § 49). Therefore, on the 20th day of May, 1874, when Charles G. Case executed this deed to his grandfather, he had a vested remainder, which he might dispose of, and all of his interest passed by that deed to his grandfather, who thereupon became as well the owner of the fee, which, by the deed of October 29, 1853, had been vested in Charles G. Case, as he was already the owner of the life estate. When he died thereafter in 1875 he had the remainder in fee of this land after his wife should have died. That remainder passed by his will to Mrs. Porter, and became a vested remainder in her, to take effect in possession after the death of the widow of Charles G. Case, the elder. Such a remainder is by the statute "descendible" like an estate in possession. Therefore when Mrs. Porter died this remainder descended to her heirs, the defendants, and they had an estate in fee in possession after the death of the widow. But, although it may be that Charles G. Case, 2d, had not such an interest under the deed of 1853 as passed by his conveyance to his grandfather on the 20th day of May, 1874, yet undoubtedly he did on the date last named have some sort of an interest in that land, whether it was a contingent remainder or a right in equity to compel the performance by the trustees of the conveyance to him of the premises. Whatever that right was, it was released by the deed to his grandfather on the 20th day of May, 1874, and as at that time his grandfather was actually in possession of the land by virtue of the life estate reserved to him, within the case of Miller v. Emans, 19 N. Y. 384, the deed of Charles G. Case, 2d, was sufficient to vest his grandfather with whatever right he had, so that under any circumstances, after the execution of that deed, the grandfather had the entire estate which had belonged to Charles G. Case, 2d. But wheth-

er, therefore, we conclude that by this deed of May 20, 1874, there was an actual conveyance of an interest from Charles G. Case, 2d, to his grandfather, or whether that deed simply operated to release the rights of Charles G. Case, in any event the grandfather was at the time of his death the owner of the entire estate in the land, and his interest passed to Mrs. Porter by his will, and therefore the plaintiff has no interest which would entitle her to maintain this action.

This conclusion necessarily disposes of the case, and requires that judgment should be reversed. No different result can be reached upon a new trial, and judgment should be ordered for the defendant, with costs. All concur.