ROBERT T. SMART, Respondent, *v.* ANDREW J. SMART, Appellant.

Plaintiff was lessee of a store for the term of five years at an annual rental, payable quarterly; he also owned a one-half interest in the stock of goods therein. Defendant agreed to sell to plaintiff certain property, to receive in part payment said half interest and the possession of the store, and to pay the rent for the unexpired term (then about fourteen months). In accordance therewith defendant was put into possession and carried on business for about three months, paying rent for that time, he then sold out and made no further payment. In an action to recover the sums unpaid, *held,* that the agreement was not within the statute of frauds; and that plaintiff was entitled to recover.

(Argued December 4, 1884; decided January 20, 1885.)

APPEAL from judgment of the General Term of the Supreme Court, in the third judicial department, entered upon an order

made December 16, 1882, which affirmed a judgment in favor of plaintiff, entered upon a verdict.

This action was brought upon an alleged agreement to pay rent. The facts are sufficiently stated in the opinion.

*James Lansing* for appellant. The unexpired term of the lease being more than one year, the agreement to assign the same, not being in writing, is void. (2 R. S. 134, 135, §§ 6, 8.) The parol stipulation to pay rent, sought to be enforced, is inseparably connected with the agreement to assign; since each is the sole consideration for the other. The parol stipulation to pay rent, therefore, being void, the whole is void. (*Irvine* v. *Stone*, 6 Cush. 508; *Van Alstine* v. *Wimple*, 5 Cow. 162; *De Beerski* v. *Paige*, 36 N. Y. 537.) Acts of part performance should clearly appear to have been done solely with a view to the agreement being performed. But if the acts might have been done with other views they will not take the case out of the statute, since they cannot properly be said to have been done by way of part performance of the agreement. (*Wheeler* v. *Reynolds*, 66 N. Y. 227; Sugden on Vend. and Purch. 72.) Taking possession of the alleged demised premises under a verbal assignment of a lease for more than one year is not such a part performance as will take a case out of the statute, or estop the defendant in a court of law from availing himself of the statute as a defense. (*Welsh* v. *Schuyler*, 6 Daly, 412; *Kellogg* v. *Clark*, 23 Hun, 393; *Bedford* v. *Terhune*, 30 N. Y. 459; *Cagger* v. *Lansing*, 43 id. 550; *Dung* v. *Parker*, 52 id. 494.) The payment on a parol contract for the sale of an interest in lands does not take the case out of the statute, so as to enable the vendor to sue for the balance. (*Abbott* v. *Draper*, 4 Den. 51; *King* v. *Brown*, 2 Hill, 485; Brown on Stat. of Frauds, § 451.) If the defendant choose to waive the benefit of the act of part performance, if any, his adversary has no claim for relief founded upon it. (*Rathbun* v. *Rathbun*, 6 Barb. 98; *Buckmaster* v. *Harrop*, 7 Ves. Jr. 341; Brown on Stat. of Frauds, § 453; Sugden on Vend. and Purch. 144; Roberts on Frauds, 139.) The agreement to pay rent in this

case, being by its terms an agreement not to be performed within one year, was void under the statute of frauds, even though it was to be partly performed within the year. (2 R. S. 135, § 2, subd. 1; *Durand* v. *Curtis*, 57 N. Y. 7; *Broadwell* v. *Getman*, 2 Den. 87; *Marcy* v. *Marcy*, 9 Allen, 8; *Day* v. *N. Y. C. R. R. Co.*, 51 N. Y. 583.) The promise to pay rent to the Warrens is also obnoxious to that section of the statute of frauds, which provides that every special promise to answer for the debt, default or miscarriage of another person shall be void, unless it be in writing and subscribed by the party to be charged. (2 R. S. 135, § 2, subd. 2; *Mallory* v. *Gillett*, 21 N. Y. 412; *Belknap* v. *Bender*, 75 id. 446; *Fullam* v. *Adams*, 37 Vt. 391.) A parol lease, void under the statute of frauds, because for a longer period than one year, is not valid for one year. (*Thomas* v. *Nelson*, 69 N. Y. 118.)

*Olin A. Martin* for respondent. This is in no sense a mere contract of indemnity, and it is of no consequence whether the plaintiff has himself actually paid the rent in arrear. (*Thomas* v. *Allen*, 1 Hill, 145; *Port* v. *Jackson*, 17 Johns. 238.) That provision of the statute of frauds relating to contracts, by their terms not to be performed within a year, has no application to this case. (*Dodge* v. *Crandall*, 30 N. Y. 294; *Tallmadge* v. *R. & S. R. R. Co.*, 13 Barb. 493; *Donnellan* v. *Read*, 3 Barn. & Ad. 899; *Young* v. *Drake*, 5 N. Y. 463; *Taggard* v. *Roosevelt*, 8 How. 145.) The fact that defendant voluntarily sold out his interest in the goods and store and left the premises is no defense to this action. The defendant, having taken the benefit of the contract, is bound to fulfill, it on his part. (*Johnston* v. *Hathorn*, 2 Abb. Ct. App. Dec. 465.) The fact that both parties had so far recognized the agreement, and proceeded in execution of it, effectually settles the question as to its validity. (*Thomas* v. *Dickinson*, 12 N. Y. 364; *Allis* v. *Reid*, 45 id. 142; *Abbott* v. *Draper*, 4 Den. 51.)

DANFORTH, J. It appeared from undisputed evidence that the plaintiff was lessee from the Messrs. Warren of a store on

River street, in the city of Troy, for the term of five years from May 1, 1871, at an annual rent of $1,500, payable quarterly; that he owned or controlled a one-half interest in the stock of goods in the store; that the defendant at the same time was the owner of a paper mill in that city; that a negotiation between the parties resulted in an agreement that the defendant should sell to the plaintiff the mill and its machinery for $32,500, and receive in payment therefor certain notes and mortgages, the half interest in the stock of goods; and as the plaintiff's testimony tends to show, the possession of the store for the unexpired term (then about fourteen months), for which the defendant on his part agreed to pay the rent to the lessors. This term of the agreement is denied by the defendant. It is, however, uncontroverted that the defendant, on the same day, was placed in possession of the store and goods by the plaintiff; that he carried on business there until the 25th of May following, and paid the lessors rent up to that time, when he sold out, and making no further payment, this action was brought to recover the sums unpaid.

The learned trial judge submitted the case to the jury, and after stating the facts of the negotiation, said: "The inquiry which you are to determine is: What was the arrangement between these two parties upon one single question? — besides that they are not at variance at all. On the part of the plaintiff, he claims and asks the jury to find from the evidence in the case, that the defendant agreed to take the unexpired term of the lease from the Warrens, and pay the rent upon the lease until its conclusion. * * * * The plaintiff testifies that this was the arrangement between the parties; that the defendant took the store of goods and with it took the unexpired term, and agreed to pay during the whole term the amount of rent reserved in the lease." * * * * Adding "Upon the other hand, you have the evidence of the defendant, who has testified expressly and squarely that he entered into no such agreement; that he never agreed to take that term, and never agreed to pay the rent to the Warrens." He

also called the attention of the jury to the evidence adduced by each party bearing upon the point in controversy, and said: " It is for the jury to determine which is right from all the evidence in the case. If you believe, therefore, that, as the plaintiff claims, the defendant in the action took this term and agreed to pay the rent during this term (until the expiration of the lease), then the plaintiff is entitled to recover this amount of money, and ought to have a verdict for it. On the other hand, if you shall conclude, in view of all the facts and circumstances, he did not thus agree, your verdict will be for the defendant."

The defendant's counsel excepted " to so much of the charge as states that ' if the defendant took this term and agreed to pay the rent during the term, till the expiration of the lease, the plaintiff is entitled to recover.' " It should be noticed that no fault was found in the assumption by the court that the other terms of the agreement were conceded. The plaint‑ iff had a verdict which the trial court approved, and after judg‑ ment, the General Term affirmed. If we take the conceded facts and add the finding of the jury, we have a very simple transaction. A sale of land by the defendant, his receipt, in part payment of a stock of goods, and the possession of the store containing them, subject to accruing rent which he prom‑ ises to pay.

The appellant puts his appeal upon the statute of frauds. We think it has no application, and that the case was prop‑ erly submitted to the jury. If, as they have found, the plaint‑ iff's version of the transaction was the true one, the defend‑ ant's promise to pay the rent. was upon a new consider‑ ation, moving directly to him, and made for his own bene‑ fit, and not for the benefit of the plaintiff. The general ob‑ ject and purpose of the transaction, or the " *res gestœ* " as it is termed in *Williams* v. *Leper* (3 Burr. 1886), shows that the intention of the parties was not that the defendant should become responsible for the payment of the plaintiff's debt to the lessors, but that he should assume, as a new and independ‑ ent duty, that of paying to the landlord the rent specified in

the lease. This obligation was part of an undivided transaction and stands upon the whole as a consideration. It comes, therefore, within the principle under which it has been often decided, that the purchaser is bound by his promise to pay the price to a creditor of the vendor, although it is not in writing and the vendor remains bound. (*Leonard* v. *Vredenburg*, 8 Johns. 29; *Barker* v. *Bucklin*, 2 Den. 45; *Mallory* v. *Gillett*, 21 N. Y. 412.)

It is also apparent that there was a complete performance by the plaintiff, and an acceptance of that performance by the defendant. The plaintiff received from the defendant the mill property, and turned out to him the mortgages, notes and money, stock of goods and possession of the store, and these things the defendant received and retained according to his pleasure. Every thing has been performed except his promise to pay the rent in question. The judgment in this case calls for nothing more, and justice requires that it should be paid. (*Kohler* v. *Matlage*, 72 N. Y. 259.) It would be a perversion of the true purpose of the statute to give it such construction as would protect the defendant in the enjoyment of advantages obtained from the plaintiff in reliance upon an oral agreement on which the latter acted.

If the plaintiff had refused to put the defendant in possession, he could have rescinded the contract; if the plaintiff interfered with his possession, he could sue for damages (*Gray* v. *Hill*, Ryan & Moody, 420); if for his security an assignment in writing of the lease was necessary, or a written contract for the possession, a court of equity would have compelled its execution; but neither of these things is asserted. The case is within the established rule that a parol agreement in part performed is not within the provisions of the statute. It was, therefore, well disposed of by the General Term, and its judgment should be affirmed.

All concur.

Judgment affirmed.