Brady, J.
The defendant admitted the claim asserted by plaintiffs, which was for goods sold and delivered, and set up counter-claims, of which was allowed and a verdict given for the balance due thereon after making proper deductions. The defendant claimed to have, by arrangement with the plaintiffs, the exclusive right, within a certain and therefore specified territory, to use their patented article for roofing, and which the plaintiffs were to furnish him as it was needed.
In the fall of 1881 the New York, West Shore and Buffalo Railway Company had in contemplation the roofing of certain structures, and the performance of which was accorded the defendant, was conceded to be within the territory assigned to him.
He made all the necessary preparations for its commencement and proceeded to the performance of his contract, the plaintiffs agreeing, through their authorized agents, to furnish the patent roofing which was to be applied, and which the defendant, by his agreement, must purchase from them.
It is not shown that it was then made and ready for delivery, but was to be supplied as requested. The transaction was one of much promise in its pecuniary results and *294 therefore very desirable. The plaintiffs assisted the defendant to obtain the contract and by their acts in limine conceded that it was his in pursuance of the understanding already mentioned as to the exclusive use of their patented article within the designated territory. After some of the work had been done the plaintiffs intervened and, ostensibly taking exception to the manner in which it was performed, and which they alleged was improper and imperfect, took possession of the locus in quo and finished it. They sought to show that the defendant was not entitled to the exclusive use of the roofing within any territory; that if he were it depended upon conditions with which he had not complied, and particularly that he had not applied it as he should have done, a very important necessity not only for the reputation of the roofing and its general use, but for the reason that they were requested to guarantee it for a term of years and would be obliged to supply any defects which might appear during the period named.
They essayed to prove, by the results of the work done by the defendant as well as the work in hand, his unskillfullness and failure, and he responded by efforts to show that these results, if they existed, arose from the imperfection of their roofing, and thus that contention was open for consideration.
They also asserted that, even though he was appointed an agent for the purpose of securing the exclusive use of their roofing by dint of energy and perseverance to that end, he had done little or nothing to accomplish that object, and consequently was at their mercy and could be discharged at any time, but this attitude was enfeebled by the fact that they gave him the longest of their contracts, which was then under consideration by the court, and during the performance of which by him they had deposed him.
The testimony is voluminous, involving many details in several phases, but it is distinguished by the fact that the chief witness for the plaintiffs, Mr. Warren, in many respects corroborates the statements of the defendant as to his relations with the plaintiffs.
And further by the proof that the underlying reason for the intervention of the company was that they wanted all the profits which would arise from the performance of the contract, all other reasons assigned for such interference being pretenses only. This was the subject of conflicting evidence, but the examination of the testimony on the part of the defendant, shows that while he asserts positively admissions, agreements, statements and occurrences of import, the response is most frequently by the person named, that he does not remember or does not recollect the *295 statement admission, agreement or occurrence asserted to have been made or to have taken place
These diverse and various elements were discussed and descanted upon by the learned judge presiding, who stated that notwithstanding the abundance, the wealth of evidence given, the issues were simple, and he was right. It is sometimes, if not frequently noticed, on the examination we are obliged to make, that too much reliance seems to be placed upon details especially of cross-examination, and which are evidently designed more to develop a theory than to weaken the affirmative declarations and consequently there is often a mass of testimony of no practical importance
Here there was a lengthy dispute as to whether the defendant was the agent of the plaintiffs, gifted with the right to the exclusive use of the plaintiffs’ roofing material within the territory named, but the proof of the affirmative of this was not an indispensible element for the success of the defendant’s claim inasmuch as he was given the contract, and was entitled to damages if improperly deprived of its benefits whether an agent or not. And this was the view entertained by the learned justice presiding in the court below. The terms were stated and therefore known to the plaintiffs, and they were advised of the probable profits also. There was no secrecy practiced by the defendant.
The plaintiffs were in combination knowing what they were to receive for their roofiing material and what the West Shore Company was to pay for the work to be done. Indeed as already suggested they were instrumental in securing the contract for the roofing and consequently in all respects identified with it. Upon the merits, therefore, of this controversy they had abundant opportunity to be heard and presented their proofs fully in regard to the various features of it, were unsuccessful in convincing the jury that they were free from liability. The plaintiffs also objected to the defendants’ counterclaim on the ground that the contract made with them was void by the Statute of Frauds for the reasons that it rested in parol and involved a sale of property exceeding fifty dollars in amount, and was not to be performed within a year. There are several .answers to this defense.
The admission of the plaintiff’s claim by the defendant is coupled with the statement that it was for roofing material sold to him, under and in accordance with the understanding as to his exclusive use already mentioned, and there is no doubt that such is the fact, now that the ]ury have found m his favor.
The defendant’s counter-claim therefore springs from the *296 transactions which form, in part at least, the plaintiff’s; claim, and are thus asserted to have been valid, and were urged as binding obligations. But there is a further answer. The sale was not of chattels already in existence and capable of delivery. They were to be manufactured by the plaintiff and delivered as might be required; this was not a contract within the statute of frauds. Crookshank v. Burrell, 18 Johns., 58; Downs v. Ross, 23 Wend., 270; Smith v. New York Central, 4 Keyes, 180.
In reference to the other branch of the statute, namely, that the contract is one which by its terms is not to be performed in a year, it must be said that the statute only includes such agreements per se, and not those which may be performed within that period. If the agreement may consistently be entirely performed within a year, although it may not be probable, it is placed beyond the condemnation of the statute. Kent v. Kent, 62 N. Y., 560 ; Van Woert v. A. L. R R. Co., 67 id., 538; Legrand v. Manhattan Association, 80 id., 638; see also Roberts v. Rockbottom Co , 7 Metc., 46, and Hodges v. Richmond, 9 R. I., 482 It. must also be said that an oral agreement in part performed is not within the provisions of the statute. See Van Woert v. A. S. R. Co. supra; McKnight v. Dunlop, 5 N Y , 537; Thomson v. Menck, 2 Keyes, 82. It was said by Danforth, J., in Smart v. Smart (97 N. Y., 559), that it would be a perversion of the true purposes of the statute to give it such a construction as would protect the defendant, in the enjoyment of advantages obtained from the plaintiffs in reliance, upon an oral agreement on which the latter acted.
The proper measure of damages was obtained upon the-trial. The respondent was entitled to the profit which he would have derived from his contract with the West Shore- and Buffalo Railroad Company. This was allowed to him, and justly so. The plaintiffs knew of it, and it would seem, as already suggested, sought to secure it to themselves. The respondent’s right to this measure of compensation is settled law. 101 N. Y., 265.
All the salient questions herein have thus been considered,, and although the appellant’s counsel has labored with great zeal and fidelity, not only upon the-trial but upon the argument of this appeal, he has not been able to overcome the array of facts and circumstances marshalled against him, and the rules of law which they coerce to the discomfiture of his client.
Judgment affirmed, with costs.
Daniels, J., concurs.